Filed 2/28/13  P. v. White CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LATRELL KENNETH WHITE,<br><br>    Defendant and Appellant. | D061507<br><br><br><br>(Super. Ct. Nos. SCN296460 &<br>SCD231738) |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael

Kirkman, Judge.  Affirmed as modified with directions.

In case No. SCN296460, a jury found Latrell Kenneth White guilty of burglary (Pen.

Code, § 459)[1] and petty theft (§ 484).  White admitted having a prior petty theft conviction

(§ 666, subd. (b)(1)) and a strike (§ 667, subds. (b)-(i)).  The court sentenced him to four years

in prison (twice the middle term) for burglary, with a stayed sentence for petty theft with a

prior theft conviction (§ 654).  The court imposed a concurrent prison term in case No.

SCD231738, having earlier revoked probation in that case.  White appeals, contending he is

---

1       All further statutory references are to the Penal Code.

entitled to additional presentence custody credit in case No. SCN296460 and the restitution fine and parole revocation fine in case No. SCD231738 must be reduced.[2] We agree with the latter contention.

## BACKGROUND

### Case No. SCD231738

On January 7, 2011, the victim got off a bus and began walking. White followed him and asked to use his cellular telephone. As the victim removed his telephone from his pocket, White grabbed the telephone from the victim's hand and ran away. White pleaded guilty to robbery (§ 211). On March 30, the court placed him on three years' probation.

### Case No. SCN296460

On September 13, 2011, White entered a store, grabbed three or four large shopping bags by a cash register. He went to the aisle where baby products were displayed and put 42 to 44 cans of baby formula into a shopping cart. He went to a different part of the store and put the cans in the bags. He left the store with the formula and did not pay for it. Later that day, White followed the same procedure at another store with approximately 24 cans of formula, but did not take the merchandise with him when he left the store.

## DISCUSSION

### Credits

In case No. SCN296460, White was in custody from the date of his arrest (September 13, 2011) through the date of sentencing (January 5, 2012), a total of 115 days. The court

---

[2] White also contends the restitution fine in case No. SCE302712 must be reduced to the amount ordered when he was originally placed on probation in that case. Because White did not file a notice of appeal in case No. SCE302712, we are without jurisdiction to grant him any relief in that case. (*In re Chavez* (2003) 30 Cal.4th 643, 650; Cal. Rules of Court, rule 8.304.)

awarded White 115 actual days' credit and 56 days' conduct credit (§ 4019), for a total of 171 days' credit.

Effective October 1, 2011, the Legislature amended section 4019 to provide for two days' conduct credit for each four days served. (§ 4019, subd. (f).) "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to [jail] for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." (*Id.*, subd. (h).) White contends principles of statutory interpretation compel the conclusion he is entitled to an additional 48 days' conduct credit under this formula for his days of custody beginning October 1, 2011, and any other interpretation would violate equal protection guarantees. We reject these contentions for the reasons stated in *People v. Ellis* (2012) 207 Cal.App.4th 1546; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395-400 and *People v. Rajanayagam* (2012) 211 Cal.App.4th 42.

*Fines*

In case No. SCD231738, when the court placed White on probation in 2011, it imposed a $200 restitution fine (§ 1202.4, subd. (b)) and suspended a $200 probation revocation fine (§ 1202.44). When the court sentenced him to prison in 2012, it imposed a $600 restitution fine and a $600 parole revocation fine (§ 1202.45). Respondent correctly concedes the $600 restitution fine is unauthorized and must be stricken (*People v. Perez* (2011) 195 Cal.App.4th 801, 804-805), and the $600 parole revocation fine must be reduced to $200 (§ 1202.45). Additionally, the suspension of the $200 probation revocation fine must be lifted. (§ 1202.44; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.)

3

DISPOSITION

The judgment in case No. SCD231738 is modified as follows: The $600 restitution fine (§ 1202.4, subd. (b)) and the $600 parole revocation fine (§ 1202.45) are stricken. The $200 restitution fine originally imposed remains. The $600 parole revocation fine is replaced with a $200 parole revocation fine. The $200 probation revocation fine (§ 1202.44) is now due. The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


NARES, J.

4