Filed 12/20/13  P. v. Nathan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D063283 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237770) |
| LORNE R. NATHAN, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed in part, modified in part, and remanded with directions.


Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Meagan Beale and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

Lorne R. Nathan pleaded guilty to possession of a controlled substance in violation of Health and Safety Code 11350, subdivision (a). The court sentenced him to three years in state prison, but suspended the sentence and granted him probation. Nathan violated the terms of his probation, and the court revoked probation, executed the three-year prison term, and imposed various fees and fines. Nathan appeals, contending: (1) the court erred by imposing an unauthorized restitution fine and an unauthorized parole revocation restitution fine; (2) the court erred by imposing a drug program fee without adequately considering his ability to pay; and (3) the court erred by not detailing the calculation of the lab analysis and drug program fees.

FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2011, police officers arrested Nathan on a warrant and found 0.16 grams of cocaine base hidden in the pocket lining of his jacket. He was charged with possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). On December 9, 2011, Nathan pleaded guilty to possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). He stipulated to a sentence of three years in state prison and the court referred him to the Reentry Court Program for evaluation.

On January 9, 2012, the court sentenced Nathan to three years in state prison, but suspended execution of the sentence and placed him on probation for three years, conditioned on his participation in and completion of the Reentry Court Program. On September 28, 2012, the court instructed Nathan to complete a substance abuse

2

residential treatment program. He entered the program on October 2, 2012, and self-terminated the same day.

On November 30, 2012, the court held a probation revocation hearing. The court found Nathan violated the terms and conditions of his probation, revoked probation, and imposed the stipulated three-year prison sentence. The court also imposed the following fees and fines: (1) a $600 restitution fine (Pen. Code, § 1202.4 (b))[1]; (2) a $600 parole revocation restitution fine (§ 1202.45); (3) a $40 court security fee (§ 1465.8); (4) a $30 immediate critical needs account fee (Gov. Code, § 70373); (5) a $154 criminal justice administration fee (Gov. Code, § 29550.1); (6) a $570 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)); and (7) a $190 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)).

## DISCUSSION

## I

A. <u>Section 1202.4, Subdivision (b), Restitution Fine</u>

Nathan contends the court erred by imposing a $600 restitution fine under section 1202.4, subdivision (b), at his probation revocation hearing after he violated the terms of his probation. He contends the restitution fine should be reduced to the $200 restitution fine imposed when he was initially sentenced and placed on probation. The People agree the increase in the restitution fine was improper and the $200 restitution fine should be reinstated.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Section 1202.4 governs the imposition of restitution fines. When a defendant is convicted of a crime, a court must impose a restitution fine "unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) A restitution fine can only be imposed once, at the time of conviction when probation is granted; there is no authority for imposing an additional restitution fine if probation is revoked. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

In general, "only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) There is a narrow exception to the waiver rule for unauthorized sentences that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) "A claim that a sentence is unauthorized . . . may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)

The court imposed two separate restitution fines on Nathan for the same conviction: a $200 restitution fine at the initial sentencing when probation was granted and a $600 restitution fine at the time probation was revoked. The $200 restitution fine imposed when Nathan was convicted was mandatory and proper. The $600 restitution fine, however, was unauthorized in that a second restitution fine could not lawfully be imposed under the circumstances of the case because a restitution fine can only be imposed once. (*Scott, supra,* 9 Cal.4th at p. 354; *People v. Perez, supra,* 195 Cal.App.4th at p. 805.) We conclude the $600 restitution fine should be stricken and the abstract of

judgment amended to provide the proper $200 restitution fine under section 1202.4, subdivision (b).

B. Section 1202.44, Probation Revocation Restitution Fine

The People contend the court erred during the probation revocation hearing because it did not lift the stay on the probation revocation restitution fine it imposed under section 1202.44 at the time of sentencing. The People argue the court should lift the stay on the $200 probation revocation restitution fine because it revoked Nathan's probation. Nathan does not address the issue.

Section 1202.44 governs the imposition of probation revocation restitution fines. "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.44.) The probation revocation restitution fine becomes effective when probation is revoked and cannot be "waived or reduced by the court, absent compelling and extraordinary reasons stated on record." (*Ibid.*) "[A] convicted defendant who is granted probation will ordinarily be subject to two restitution fines--[one] under section 1202.4[, subdivision] (b)[,] and a probation revocation restitution fine under section 1202.44, which is stayed unless probation is revoked." (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434, italics omitted.) The stay of a probation revocation restitution fine is lifted when probation is revoked. (*Ibid.*)

5

When the court initially sentenced Nathan, it ordered and stayed a $200 probation revocation restitution fine under section 1202.44. When Nathan violated the terms of his probation and the court revoked probation, it should have lifted the stay on the fine. (§ 1202.44; *People v. Guiffre, supra,* 167 Cal.App.4th at p. 434.) Although the issue was not raised on appeal, it is not waived because it is an unauthorized sentence. (*Scott supra,* 9 Cal.4th at p. 354; *People v. Dotson, supra,* 16 Cal.4th at p. 554, fn. 6.) The probation revocation restitution fine becomes effective when probation is revoked. (§ 1202.44.) We conclude the abstract of judgment should be modified to lift the stay on the $200 probation revocation restitution fine imposed under section 1202.44.

C. Section 1202.45, Parole Revocation Restitution Fine

Nathan contends the court erred by imposing a $600 parole revocation restitution fine under section 1202.45 because the parole revocation fine must be imposed in the same amount as the restitution fine. The People agree the parole revocation fine should be $200 to match the restitution fine imposed when Nathan was sentenced.

Section 1202.45 governs the imposition of parole revocation restitution fines. Parole revocation restitution fines are mandatory fines imposed in cases in which a defendant is convicted of a crime and the sentence includes a period of parole. (§ 1202.45, subd. (a).) The parole restitution revocation fine must be imposed in the same amount as the restitution fine under section 1202.4, subdivision (b). (*Ibid.*) The fine is suspended unless the defendant's parole is revoked. (§ 1202.45, subd. (c).)

After Nathan violated the terms of his probation, the court ordered and stayed a $600 parole revocation restitution fine under section 1202.45. The amount of the parole

6

revocation restitution fine must be set at the same amount of the restitution fine imposed under section 1202.4, subdivision (b). (§ 1202.45, subd. (a).) The proper amount of the restitution fine imposed on Nathan is $200; accordingly, the parole revocation restitution fine must also be $200. We conclude the abstract of judgment should be amended to provide the proper $200 parole revocation restitution fine under section 1202.45, and the $600 parole revocation restitution fine should be stricken.

## II

Nathan contends the court erred by imposing a $570 drug program fee under Health and Safety Code section 11372.7 because it did not inquire into his financial circumstances and he does not have the ability to pay the fee. He admits he did not object to the imposition of the fee, but argues he did not waive his right to object to the imposition of the fee because the court did not conduct the statutorily required ability to pay hearing. The People argue Nathan's claim is forfeited because he did not properly raise the issue of his ability to pay in the trial court. Additionally, the People argue that even had Nathan not forfeited his right to object, the evidence in the record supports the conclusion he has the ability to pay the drug program fee.

Health and Safety Code section 11372.7 governs the imposition of mandatory drug program fees. (Health & Saf. Code, § 11372.7.) The statute requires a court to consider whether the defendant has an ability to pay the drug program fee. (Health & Saf. Code, § 11372.7, subd. (b).) If a court finds the defendant does not have an ability to pay the drug program fee, he or she will not be required to pay it. (*Ibid.*)

For a defendant to challenge a trial court's determination of his or her ability to pay a fee on appeal, the defendant must raise the issue in the trial court to preserve the objection on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 597.) To preserve a challenge to a fee or fine based on ability to pay, a defendant must object in the trial court; failure to raise the issue waives the right to contest it on appeal. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.) Where the court's imposition of a fee is based on "factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough,* at p. 597.)

Nathan forfeited his objection to the drug program fee by not asserting it at the sentencing hearing. (*People v. McCullough, supra,* 56 Cal.4th at p. 597.) Additionally, the record supports the conclusion Nathan has an ability to pay the drug program fee. The record establishes Nathan is capable of being a productive member of society: he has a GED, an Associate of Arts degree in Business Administration, is a certified fiber optics technician, completed a culinary arts program, and has previously been employed. At the time of his arrest, Nathan was self-employed and earned approximately $3,500 to $4,500 a month. The evidence in the record supports the court's finding Nathan has the ability to pay the drug program fee. We conclude his ability to pay is supported by the record and Nathan forfeited his right to object to the drug program fee on appeal.

III

Nathan contends the court erred by not detailing the calculation of the $190 laboratory analysis fee imposed under Health and Safety Code section 11372.5 or the

8

$570 drug program fee imposed under Health and Safety Code section 11372.7. The People argue the court provided a sufficient breakdown of the fees by indicating the fees included penalty assessments as provided in the probation report's recommendations. The People further argue, and Nathan agrees, the court erred in its mathematical calculations of both fees, and the proper amounts of the fees are $145 for the laboratory analysis fee and $435 for the drug program fee.[2]

The People argue, and Nathan concedes, the laboratory analysis fee should be modified to $145. The People contend the $145 laboratory analysis fee is made up of: a $50 laboratory analysis fee under Health and Safety Code section 11372.5; a $50 penalty assessment under section 1464; a $35 penalty assessment under Government Code section 76000; and a 20 percent rate surcharge of $10 under section 1465.7.

Additionally, the People argue, and Nathan concedes, that the drug program fee should be modified to $435. The People contend the $435 drug program fee is made up of: a $150 drug program fee under Health and Safety Code section 11372.7; a $150 penalty assessment under section 1464; a $105 additional penalty assessment under Government Code section 76000; and a 20 percent state surcharge of $30.[3]

Both sides concede the breakdown of the lab analysis and drug program fees offered by the People are correct; therefore, there is no issue requiring remand. We conclude the abstract of judgment should be amended to provide the appropriate $145

---

[2]    In their brief, the People miscalculated the drug program fee to be $440 instead of $435.

[3]    The People did not cite the source of the $30 surcharge.

laboratory analysis fee under Health and Safety Code section 11372.5 and the $190 fee should be stricken. We further conclude the abstract of judgment should be amended to provide the appropriate $435 drug program fee imposed under Health and Safety Code section 11372.7 and the $570 drug program fee should be stricken.

## DISPOSITION

The $600 restitution fine imposed under section 1202.4, subdivision (b), is stricken and replaced by a $200 fine. The stay on the $200 probation revocation restitution fine imposed under section 1202.44 is lifted. The $600 parole revocation restitution fine imposed under section 1202.45 is stricken and replaced by a $200 fine. The $190 laboratory analysis fee imposed under Health and Safety Code section 11372.5 is stricken and replaced by a $145 fee. The $570 drug program fee imposed under Health and Safety Code section 11372.7 is stricken and replaced by a $435 fee. In all other respects, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to set forth the provisions of this opinion and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

10