[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
OPINION
Defendant previously pleaded guilty to one count of driving a vehicle with a blood-alcohol level of greater than .08 percent and causing injury in violation of Vehicle Code section 23153, subdivision (b). Defendant also admitted the alleged enhancement that he personally caused great bodily injury to the victim, S.H., in violation of Penal Code section12022.7, subdivision (a). (Unspecified section references that follow are to the Penal Code.) Consistent with the plea agreement, the trial court sentenced defendant to five years of probation and 365 days in county jail, and ordered that he pay a $200 restitution fine (§§ 1202.4, 1202.43) and a $200 probation revocation fine (§ 1202.44). At the sentencing hearing, the trial court heard from S.H.
 Less than one year later, the probation department filed a petition to revoke defendant's probation, alleging public intoxication (§ 647, subd. (f)) and battery (§ 242). Following a contested hearing, the court found defendant violated his probation.
 At a subsequent sentencing hearing, S.H. again addressed the court. At the conclusion of that hearing, the court revoked defendant's probation, sentenced him to an aggregate term of five years in state prison, and ordered that he pay a $400 restitution fine (§ 1202.4) and a $400 parole revocation fine (§ 1202.45).
 Defendant appeals his sentence arguing the court erred in allowing S.H. to speak at both sentencing hearings, and in increasing the previously ordered fines from $200 to $400. We agree the court erred in increasing the fines; however, we shall otherwise affirm the judgment.
 Section 1191.1 provides in pertinent part: "The victim of any crime, or the parents or guardians of the victim if the victim is a minor, or the next of kin of the victim if the victim has died, have the right to attend all sentencing proceedings under this chapter and shall be given adequate notice by the probation officer of all sentencing proceedings concerning the person who committed the crime, [¶] The victim, or up to two of the victim's parents or *Page 231 guardians if the victim is a minor, or the next of kin of the victim if the victim has died, have the right to appear, personally or by counsel, at the sentencing proceeding and to reasonably express his, her, or their views concerning the crime, the person responsible, and the need for restitution. The court in imposing sentence shall consider the statements of victims, parents or guardians, and next of kin made pursuant to this section and shall state on the record its conclusion concerning whether the person would pose a threat to public safety if granted probation."
 Defendant contends the phrase "have the right to appear, personally or by counsel, at the sentencing proceeding" (§ 1191.1, italics added) limits a victim's ability to address the court to "one proceeding (clearly the initial sentencing proceeding)." (Boldface omitted.) Defendant cites no authority for his position; he asks that we find this limitation in the plain language of the statute.
 The first paragraph of section 1191.1 unambiguously states that the victim of defendant's crime has "the right to attend all sentencing proceedings." (§ 1191.1.) The first paragraph also requires the probation department to provide defendant's victim with "adequate notice . . . of all sentencing proceedings." (Ibid.) Defendant reads this to mean the victim may attend all of the sentencing proceedings, but may only be heard at "the initial sentencing proceeding." Defendant is mistaken.
 The "sentencing proceeding" referenced in the second paragraph is not the only proceeding at which the victim may speak. Rather, it is the proceeding attended by the victim, for which he or she received notice from the probation department, as required in the first paragraph. Our interpretation, unlike defendant's, not only relies on the plain language of the statute but also furthers the legislative intent behind section 1191.1. (3) It is a fundamental principle that courts must construe a statute in context, keeping in mind the nature and purpose of the legislation. (Civ. Code, § 13; Code Civ. Proc., § 16; Cossack v. City ofLos Angeles (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260]; Squaw Valley Ski Corp. v. Superior Court (1992) 2 Cal.App.4th 1499,1511 [3 Cal.Rptr.2d 897].)
 The electorate adopted section 1191.1 as part of Proposition 8, "The Victims' Bill of Rights." "The history of the statute, legislative debates, committee reports, or statements to the voters in the case of initiative and referendum measures, may also be considered in ascertaining legislative intent. [Citation.] To ascertain the intent of the electorate it is proper to consider the official statements made to the voters in connection with propositions of law they are requested to approve or reject. [Citation.] *Page 232 
 ". . . [S]ection 1191.1 was adopted as part of an initiative measure, Proposition 8, by the voters of California on June 8, 1982. Proposition 8 was entitled `The Victims' Bill of Rights.' It is clear that the main thrust of the statute was to expand the rights of victims, not to restrict the scope of judicial inquiry into sentencing alternatives. In the analysis by the Legislative Analyst which was distributed in the ballot pamphlets to all voters, the voters were told (at p. 55):
 "`Under existing law, statements of victims or next of kin are requested for various reports which are submitted to the court. In many cases, parole boards are not required to notify victims or next of kin about hearings.
 "`This measure would require that the victims of any crimes, or the next of kin of the victims if the victims have died, be notified of (1) the sentencing hearing and (2) any parole hearing (if they so request) involving persons sentenced to state prison or the Youth Authority. During the hearings, the victim, next of kin, or his or her attorney would have the right to make statements to the court or hearing board. In addition, this measure would require the court or hearing board to state whether the convicted person would pose a threat to public safety if he or she were released on probation or parole.' [¶] . . . [¶]
 "We therefore conclude that Penal Code section 1191.1 was not intended to change common law and limit information a sentencing court may consider in imposing judgment. It simply guarantees to the victim a right to be heard and considered." (People v. Zikorus (1983) 150 Cal.App.3d 324, 330-332 [197 Cal.Rptr. 509], fn. omitted.) In other words, section 1191.1 sets the floor, not the ceiling. Accordingly, we reject defendant's contention.
 When the trial court placed defendant on probation on August 4, 2005, it imposed a restitution fine of $200 and a probation revocation fine of $200. When the trial court sentenced defendant to prison on September 27, 2006, following revocation of his probation, the court imposed a restitution fine of $400, and a parole revocation fine of $400. Defendant contends, and the Attorney General concedes, the $400 fines were improperly imposed and that each must be reduced to $200. (See People v.Chambers (1998) 65 Cal.App.4th 819, 820-821 [76 Cal.Rptr.2d 732].) We accept the Attorney General's concession. *Page 233 
 DISPOSITION The trial court is directed to amend the abstract of judgment, reducing the fines ordered pursuant to sections 1202.4 and 1202.45 to $200, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.
 Sims, Acting P. J., and Robie, J., concurred. *Page 234