Filed 11/14/13  P. v. Sisco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073975 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12475) |
| v. | |
| MICHAEL KEVIN SISCO, | |
| Defendant and Appellant. | |

Between May and August 2012, unknown suspects removed copper wire from a commercial business and threw it over a fence.  From a hiding place, defendant Michael Kevin Sisco observed the thefts and retrieved some wire from outside the fence.  The business owner discovered the thefts and alerted local recycling firms.  Later that day, a recycler advised the owner that defendant had brought in cables similar to the ones taken in the thefts.  When defendant returned to the recycler, a Yuba County Sheriff's deputy questioned him about the copper.  He admitted that he had been "peeling from the ones who were peeling from the wrecking yard."

1

Defendant pled no contest to receiving stolen property. Imposition of sentence was suspended and defendant was placed on probation on the conditions, among others, that he obey all laws and report to the probation department. He was ordered to make restitution to the victim in the amount of $180 and pay a $240 restitution fine, a $240 restitution fine suspended unless probation is revoked, a $370 presentence report fee, a $40 court operations fee, a $30 court facilities assessment, and booking and citation fees.

Defendant failed to report to the probation department on the day of sentencing or thereafter. In March 2013, defendant was arrested at a major retailer on a charge of petty theft.

Petitions were filed alleging that defendant violated his probation by failing to report to the probation officer and failing to obey all laws. Defendant admitted the failure to report. After he pled no contest to a new offense of petty theft, the trial court found true his failure to comply with the probation condition to "obey all laws."

Defendant was sentenced to a term of 16 months, awarded 52 days of custody credit and 52 days of conduct credit, and ordered to pay a $280 restitution fine.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record discloses four minor errors:

First, defendant was in presentence custody from August 16, 2012, through August 29, 2012, a period of 14 days; and from March 13, 2013, through April 22, 2013, a period of 41 days. Thus, defendant is entitled to 55 days of custody credit and 55 days of conduct credit.

2

Second, the trial court failed to dissolve the stay on the probation revocation restitution fine.

Third, the $240 restitution fine survived the revocation of defendant's probation and precluded imposition of the $280 restitution fine. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 823.) We modify the judgment to correct these errors.

Fourth, two errors appear on the face of the abstract of judgment. The $180 award of victim restitution has been omitted. The $40 court operations assessment is erroneously stated as $280.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to award defendant 55 days of custody credit and 55 days of conduct credit. The stay on the probation revocation restitution fine is dissolved. The $280 restitution fine is stricken. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment, corrected as stated above to include the $180 award of victim restitution and a $40 court operations assessment, and delete the $280 restitution fine, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                              ROBIE            , Acting P. J.

We concur:



      BUTZ            , J.



      HOCH            , J.

3