Filed 1/31/14  P. v. Traylor CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039623 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1080918) |
| v. | |
| AEVRA SHAEFONA TRAYLOR, | |
| Defendant and Appellant. | |

Defendant Aevra Shaefona Traylor appeals from a judgment entered after she admitted a probation violation and her probation was revoked.  Defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* was being requested.  We notified defendant of her right to submit a written argument on her own behalf.  Defendant has filed a supplemental letter brief arguing that the two-year term in county jail imposed by the trial court was overly harsh, that the judge failed to take her mental health problems into consideration during sentencing, and that she did not intend to violate her probation.[1]

_____

[1] This court initially sent a letter to defendant advising her that we would be treating the brief filed by her counsel under the standards enunciated in *People v. Serrano* (2012) 211 Cal.App.4th 496.  On September 9, 2013, defendant filed a request for reconsideration asking this court to conduct an independent review of the record pursuant
(continued)

Pursuant to *Wende*, we reviewed the entire record and found two arguable issues regarding the imposition of a parole revocation restitution fine and a probation revocation restitution fine. We asked both parties to file supplemental letter briefs addressing these issues. We modify the judgment and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A complaint was filed on June 29, 2010, charging defendant with one count of grand theft (Pen. Code,[2] §§ 484, 487, subd. (a)), two counts of forgery (§ 470, subd. (d)), and one count of attempted grand theft (§§ 664, 484, 487, subd. (a)). The underlying facts are not included in the record on appeal, but the petition to modify probation states that the charges stem from defendant and her codefendant's deposit of a counterfeit check.

Defendant pleaded no contest to the count of grand theft (§§ 484, 487, subd. (a)) and forgery (§ 470, subd. (d)) on February 1, 2011. Defendant's counsel stipulated that there was a factual basis for the plea in the investigative reports. The trial court suspended imposition of sentence and placed defendant on felony probation for three years under various terms and conditions, including that she pay $2,500 restitution to Citibank and serve 45 days in county jail. The trial court also imposed a $200 restitution fund fine.

The probation department filed a petition to modify the terms of defendant's probation, which was set for a hearing on July 19, 2012. The petition alleged the following: (1) defendant had been convicted of violating section 245, subdivision (a)(1) (assault with a deadly weapon or great bodily injury) in Alameda County; (2) she had

_____

to *Wende*, *supra*, 25 Cal.3d 436. This court granted the motion for reconsideration on September 24, 2013.

[2] Further unspecified statutory references are to the Penal Code.

been arrested for violating section 470, subdivision (a) (forgery), section 470a[3] (possession of a driver's license to commit forgery), section 459 (burglary) and Health and Safety Code section 11350, subdivision (a) (possession of a controlled substance) in Oakland; (3) she had failed to report to the probation department within three days of her release; (4) she had failed to avail herself to searches; (5) she had failed to report for scheduled office appointments on April 23, 2012 and May 24, 2012; and (6) she had failed to report and maintain contact with the probation department. The petition further alleged that defendant had failed to make payments toward victim restitution.

Defendant admitted the probation violation on April 18, 2013. The trial court sentenced her under section 1170, subdivision (h) to a term of two years in county jail for the count of grand theft (§§ 484, 487, subd. (a)), concurrent to a term of two years in county jail for the count of forgery (§ 470, subd. (d)). The court awarded defendant 76 days of credits, including 38 days custody credit and 38 days conduct credit. The court also imposed a "$200 restitution fund fine," which was reflected in the abstract of judgment as imposed under section 1202.45. Defendant appealed.

DISCUSSION

*Defendant's Arguments*

We first address the arguments that defendant sets forth in her letter brief filed on September 3, 2013. Defendant contends that the trial court erred in revoking her probation. However, a sentencing court's discretion to revoke probation after finding a violation of probation is very broad and is reviewed on appeal for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) Defendant's argument on this point fails, as she admitted violating probation and has not shown that the trial court acted in an

---

[3] The petition appears to incorrectly cite to section 470, subdivision (b) for the offense of possession of a driver's license to commit forgery.

3

arbitrary or capricious manner, or exceeded the bounds of all reason when it revoked her probation.

Next, defendant argues that the two-year term in county jail imposed by the trial court under section 1170, subdivision (h) was overly "harsh," because she had only violated her probation once. Under section 1170, subdivision (h), the middle terms for her convictions of felony grand theft and felony forgery would be two years under section 1170, subdivision (h). The trial court judge imposed the middle term of two years in county jail for the count of felony grand theft concurrent to the middle term of two years in county jail for the count of forgery. Defendant did not object to the imposition of the sentence; therefore, she has forfeited the claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

Lastly, defendant argues that her case should have been seen by a "mental health judge" and that the trial court failed to take her mental health problems into account during sentencing. However, she does not cite to any documentation in the record that shows she suffers from mental health problems, and there is no evidence that suggests she suffered from mental health problems that would have affected her competency. Defendant was represented by counsel below, and her counsel did not raise her mental health as an issue. The trial court also did not raise her mental health or incompetence as an issue. (§ 1368.) We therefore reject defendant's argument on this point.

*Fines*

Upon review of the record, we find two errors regarding fines that we must correct. We asked both parties to file supplemental letter briefs addressing the errors. After consideration of their briefs, we first conclude that we must modify the abstract of judgment to reflect the imposition of a mandatory probation revocation restitution fine. Section 1202.4, subdivision (b) provides that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine . . . ." This fine can only be imposed at the time of conviction when probation is first granted.

4

(*People v. Chambers* (1998) 65 Cal.App.4th 819, 822.)  A $200 restitution fund fine under section 1202.4, subdivision (b), and a matching suspended probation revocation restitution fine under section 1202.44 were imposed when defendant pleaded no contest to the offenses in February 2011.[4]  During the sentencing hearing following defendant's admission of a probation violation, the trial court imposed a "$200 restitution fund fine."[5]  There is no mention in the abstract of judgment of the previously suspended $200 probation revocation restitution fine under section 1202.44.  A restitution fine imposed when probation is granted survives the revocation of probation.  (*People v. Chambers*, *supra*, 65 Cal.App.4th at p. 822.)  The $200 suspended probation revocation restitution fine under section 1202.44 should be reflected as due because defendant's probation was revoked.

Defendant argues that we should not correct the judgment to reflect the $200 probation revocation restitution fine under section 1202.44 because such a correction

---

[4] The minute order of defendant's sentencing hearing in February 2011 reflects the imposition of a $220 restitution fund fine under section 1202.4, subdivision (b) and a matching suspended probation revocation fine under section 1202.44.  Indeed, the People argue in their supplemental brief that we should correct the abstract of judgment to include a $220 probation revocation fine.  However, we conclude that the $220 fines were a clerical error, as during the hearing the trial court orally imposed a $200 restitution fund fine.  The trial court did not orally impose a matching probation revocation restitution fine during the hearing, but imposition of the fine is mandatory under section 1202.44.

[5] It is unclear whether the trial court improperly imposed a second restitution fund fine upon revocation of defendant's probation.  However, we presume that the trial court was aware of, and properly applied, the law.  (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.)  The abstract of judgment and minute order do not reflect the imposition of a second restitution fund fine under section 1202.4.  If it had, it would have been an unauthorized sentence.  The judge's oral pronouncement of a $200 restitution fund fine after the revocation of defendant's probation is not inconsistent with it being a reiteration of the probation revocation restitution fund fine that was previously imposed but suspended.

would increase her punishment. We disagree. As explained, the trial court imposed a probation revocation restitution fine in February 2011 when probation was first granted. This fine survived the revocation of probation; it does not increase defendant's punishment.

Additionally, as conceded by both defendant and the People, we must modify the abstract of judgment to strike the reference to a $200 restitution fine under section 1202.45. At the time defendant committed her underlying offenses in 2010, section 1202.45 provided that trial courts shall impose a parole revocation restitution fine for defendants who are convicted of a crime and whose sentence includes a period of parole. (Stats. 2007, ch. 302, § 15.) Section 1202.45 was amended in 2012 to add subdivision (b) and now also provides that trial courts shall impose a postrelease community supervision fine for those defendants who are subject to postrelease community supervision. (§ 1202.45, subd. (b); Stats. 2012, ch. 762, § 1.) Defendant was sentenced to a term in county jail and will not be subject to a period of parole. (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671-672.) Furthermore, section 1202.45 was amended to add the provision providing for postrelease community supervision fines after defendant committed the crimes giving rise to her sentence. Assessing a postrelease community supervision fine against her would violate ex post facto principles. (See *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181-1182; *People v. Callejas* (2000) 85 Cal.App.4th 667, 669, 678.) Since the trial court could not have imposed either a parole revocation restitution fine or a postrelease community supervision fine under section 1202.45, the abstract of judgment must be amended to strike the reference to these fines.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 110, we have considered defendant's letter brief and have reviewed the record on appeal. We find no other arguable issues.

6

## DISPOSITION

The trial court is directed to amend the abstract of judgment and the minute order to reflect that a $200 probation revocation restitution fine under Penal Code section 1202.44 is now due.  The abstract of judgment and minute order are further amended to strike the $200 fine under Penal Code section 1202.45.  The clerk of the superior court is directed to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


_____
Premo, J.


WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.


7