Filed 6/4/14  P. v. Lloyd CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARTHEATEURAS LLOYD,<br><br>    Defendant and Appellant. | F066507<br><br>(Super. Ct. Nos. F10900613, F11902018)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

William D. Farber, under appointment by the Court of Appeal, Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Kane, J. and Detjen, J.

Dartheateuras Lloyd appeals from the restitution fine and parole revocation fine imposed by the trial court pursuant to Penal Code[1] sections 1202.4 and 1202.45, respectively, after the court revoked his probation. He contends the restitution and parole revocation fines originally imposed when he was granted probation survive the revocation of his probation. Therefore, he further contends, the court erred in imposing greater restitution and parole revocation fines after revoking his probation.

The Attorney General concedes the trial court erred. We concur and will direct the court to correct its error.

## FACTUAL AND PROCEDURAL SUMMARY

In February 2010, Lloyd pled no contest to inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) in case No. F10900613. The trial court suspended imposition of judgment and sentence and placed Lloyd on three years of formal probation. The court ordered Lloyd to pay a number of fees and fines, including a $100 restitution fine (§ 1202.4) and a $100 probation revocation fine to be paid if the court later revoked Lloyd's probation (§ 1202.44).

In April 2011, while on probation, Lloyd stabbed his former girlfriend multiple times. As a result, she was hospitalized and underwent surgery. Lloyd also stabbed a male who tried to intervene.

In October 2012, the Fresno County District Attorney charged Lloyd, in case No. F11902018, with attempted murder (§§ 664/187, subd. (a)) (count 1), corporal injury to a cohabitant with a prior domestic violence conviction (§ 273.5, subd. (e)(1)) (count 2), assault with a deadly weapon (§ 245, subd. (a)(1)) (counts 3 and 4), and contempt of court (§ 166, subd. (c)(1)) (count 5). Counts 1 and 2 included allegations that Lloyd personally used a deadly weapon (§ 12022, subd. (b)(1)). Counts 1 through 3 included allegations that Lloyd personally inflicted great bodily injury on the victim under

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

circumstances involving domestic violence (§ 12022.7, subd. (e)) and count 4 alleged Lloyd inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

Lloyd pled no contest to count 3 (assault with a deadly weapon) and admitted the great bodily injury allegation in exchange for a stipulated six-year sentence, dismissal of all other counts, special allegations and enhancements, and a concurrent sentence for violating his probation in case No. F10900613.

In November 2012, the trial court sentenced appellant, in case No. F11902018, to the mid-term of three years in state prison on count 3 and to a consecutive term of three years for the great bodily injury allegation. The court imposed a restitution fine in the amount of $1,440 pursuant to section 1202.4 and imposed but suspended a parole revocation fine in an equal amount pursuant to section 1202.45.

As to case No. F10900613, on Lloyd's violation of probation, the trial court sentenced him to the mid-term of three years for inflicting corporal injury (§ 273.5, subd. (a)) to run concurrently to his sentence in case No. F11902018. The court also imposed a restitution fine in the amount of $720 (§ 1202.4) and imposed but suspended a parole revocation fine in an equal amount (§ 1202.45).

This appeal ensued.

## DISCUSSION

Lloyd contends, citing *People v. Chambers* (1998) 65 Cal.App.4th 819 (*Chambers*), the trial court erred in increasing his restitution fine from $100 to $720 in case No. F10900613 after revoking his probation. He further contends the fine must be reduced to $100, the original amount imposed. The Attorney General agrees.

Section 1202.4 requires the trial court to impose a restitution fine absent compelling and extraordinary reasons in every case resulting in a conviction. (§ 1202.4, subd. (b).) The restitution amount is set at the discretion of the court within a statutory range. (§ 1202.4, subd. (b)(1).)

3

In *Chambers*, "the trial court imposed two separate restitution fines for the same conviction: a $200 restitution fine at the time probation was granted and a $500 restitution fine at the time probation was revoked." (*Chambers*, *supra*, 65 Cal.App.4th at p. 823.) The question on appeal was whether the trial court was authorized to impose the higher restitution fine. The *Chambers* court concluded it was not and held "a restitution fine imposed at the time probation is granted survives the revocation of probation." (*Id.* at p. 820.) Likewise, we conclude the restitution fine of $100 imposed in case No. F10900613, when the trial court granted Lloyd probation, survived the trial court's subsequent revocation of Lloyd's probation. Thus, the court lacked authority to impose the higher restitution fine of $720.

Lloyd further contends the parole revocation fine imposed by the trial court must be the same amount as the restitution fine pursuant to section 1202.45. Since the restitution fine must be reduced to $100, he contends, the revocation fine must be reduced to the same amount. The Attorney General agrees here as well.

Section 1202.45, subdivision (a) provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

We conclude the restitution and parole revocation fines in the amount of $720 are unauthorized and must be corrected to reflect fines in the amount of $100 and we so order.

**DISPOSITION**

The judgment is modified to strike: (1) the Penal Code section 1202.4, subdivision (b) restitution fine in the amount of $720 and insert the correct fine of $100 (case No. F10900613); and (2) the Penal Code section 1202.45 parole revocation fine in the amount of $720 and insert the correct fine of $100. As so modified, the judgment is

4

affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward it to the Department of Corrections and Rehabilitation.