Filed 10/17/14  P. v. Glover CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C075510 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF105436) |
| v. | |
| LAURA GLOVER, | |
| Defendant and Appellant. | |

Defendant Laura Glover appeals from an order revoking her probation.  Appointed counsel for defendant has asked that we review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

# BACKGROUND

In March 2011, defendant pleaded no contest to child endangerment likely to produce great bodily harm (Pen. Code, § 273a, subd. (a))[1] and misdemeanor disorderly conduct due to public intoxication (§ 647, subd. (f)), and admitted a prior prison enhancement (§ 667.5, subd. (b)) in Yolo County Superior Court. In July 2011, the trial court ordered and suspended execution of a seven-year sentence, and placed defendant on formal probation for five years. Among the terms of her probation, defendant was ordered to complete a 52-week parenting program, enter and successfully complete a 180-day outpatient substance abuse treatment program, and abstain from the use or possession of alcohol.

Twice in 2012, defendant was alleged to have violated her probation. One allegation was for attending a court-ordered parenting class while intoxicated, which she disputed. The other was based in her termination from the court-ordered parenting program for bringing a recording device to class on two occasions in violation of program rules. The trial court struck both allegations and reinstated probation on the same terms and conditions previously imposed.

On June 1, 2013, defendant was arrested in Yuba County after sheriff's deputies were dispatched to her campsite to conduct a welfare check after receiving a call that she had slapped her child in the face. Deputies knocked on the door of the motor home at the campsite and told defendant they were there to conduct a welfare check, but defendant refused to allow them to speak to the child. The deputies noted the child's face was red, and she appeared to be scared and had been crying. Defendant attempted to close the door to the motor home, but the deputies prevented her from doing so. One deputy repeated that he needed to check on the child, and defendant began yelling at him to go

---

[1] Further undesignated statutory references are to the Penal Code.

2

away.  Deputies noted defendant slurred her speech, was unsteady on her feet, had red watery eyes, and smelled of alcohol.  She also refused to tell the deputies her name.

Defendant attempted to close the door to the motor home again, but a deputy grabbed her arm and entered the motor home.  There was trash and clothing on the floor, old food and empty beer cans on the table, and empty beer cans outside the motor home.  That deputy sent the child outside to speak to the other deputy, and defendant yelled at her not to talk to the deputies.  Defendant still refused to tell the deputy her name and birth date, using profanity.  The child told the deputy defendant's name and that defendant had hit her in the face for dropping an empty beer can.  Defendant attempted to flee the motor home and was arrested for public intoxication.  She tried to head butt and kick the arresting officer.

Based on that encounter, defendant was again alleged to have violated her probation by being intoxicated in public, resisting, obstructing or delaying an officer, giving false identification to the police, abusing her child, consuming alcohol, and refusing a lawful search.

After the Yuba County arrest, but prior to the hearing on the probation violation allegation, defendant moved to terminate probation, or, in the alternative, to modify it from formal to informal probation because of her "good conduct," i.e., her completion of the court-ordered parenting program and substance abuse program, her consistent negative drug tests, her involvement in Alcoholics' Anonymous, and her self-improvement efforts.  The People opposed defendant's motion.  Defendant also contended her motion to suppress evidence in the Yuba County criminal proceedings would affect the Yolo County probation proceedings; the trial court (Yolo County) rejected that contention.[2]

---

[2]  "[T]he exclusionary rule does not apply in probation revocation hearings, unless the police conduct at issue shocks the conscience."  (*People v. Lazlo* (2012) 206 Cal.App.4th

In the probation proceeding defendant moved to suppress the Yuba County evidence.[3] The trial court denied defendant's motion, finding officers had a reasonable suspicion to conduct a welfare check. The court also found defendant had violated her probation. It revoked her probation and ordered the previously suspended sentence executed. Defendant appeals.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note that the amended abstract of judgment erroneously lists the amounts of the restitution fine (§ 1202.4), the probation revocation fine (§ 1202.44), and the parole revocation fine (§ 1202.45) as $280 each. The trial court imposed a restitution fine of $200 and an identical probation revocation fine when it placed defendant on probation. At the sentencing hearing following defendant's probation violation, the trial court imposed and suspended a parole revocation fine in the same amount. It did not (and could not) adjust the amounts of the restitution fine or probation revocation fine previously imposed. (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 823.) Thus,

1063, 1070.) Regardless of whether *either* the Yuba or Yolo County courts suppressed evidence obtained from defendant's detention and the subsequent search, *any* court could consider that evidence in deciding whether defendant violated her probation. (See *id.* at pp. 1070-1072.)

[3] During the hearing on defendant's motion to suppress evidence, she admitted to drinking beer on the day of the encounter at the motor home and the night before and to slapping her child.

4

the abstract of judgment must be corrected to reflect the correct amount--$200--of all three fines.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment to reflect the $200 fines and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


    DUARTE    , J.


We concur:


    ROBIE    , Acting P. J.


    MURRAY    , J.