Filed 2/24/16  P. v. Clarke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | C077606 |
| Plaintiff and Respondent, | (Super. Ct. Nos. MF038020A, MF038224A) |
| v. | |
| SAMUEL EDWARD CLARKE, | |
| Defendant and Appellant. | |

Defendant Samuel Edward Clarke requests this court remand the matter to the trial court to correct the abstract of judgment so it identifies the statutory bases of the fines, fees, and assessments imposed.  The People concede the point.  We agree and will strike the $38 law enforcement fee as unauthorized and direct the trial court to prepare an amended abstract of judgment.

BACKGROUND[1]

<u>Case No. MF038020A</u> -- In June 2014, defendant pleaded no contest to unlawful driving or taking a vehicle.  (Veh. Code, § 10851, subd. (a).)  Under the original terms of

---

[1]  The substantive facts underlying defendant's convictions are irrelevant to the issue on appeal and are not recounted.

the plea agreement, defendant would be sentenced to a two-year term and the prior strike allegations would be dismissed. Defendant requested the court grant him a two-week stay on execution of sentence. To ensure defendant's appearance after the two-week period, the trial court indicated defendant would have to plead guilty and admit a strike in exchange for a sentence of four years at 80 percent. Upon his appearance, the trial court would allow defendant to withdraw his strike admission and modify the sentence to two years at 50 percent. The trial court sentenced defendant to two years, doubled as a result of the strike, and ordered defendant to pay a "$300 restitution fine, $300 parole or PRCS revocation fine, 112 in revenue, security, and assessments." The minute order[2] reflects the $300 restitution fines under Penal Code[3] sections 1202.4 and 1202.45, and fines of "30/40 fine/fee pursuant to Con Assm/CS," "$38 Law Enforcement Fine," and "$4 Fine/Fees stayed for good cause."

Defendant did not appear after the two-week stay and the trial court issued a bench warrant.

Case No. MF038224A -- Approximately one month later, the prosecutor charged defendant with committing an escape while felony charges were pending against him (§ 4532, subd. (b)(1)), in addition to alleging defendant had two prior serious felony convictions (§§ 1170.12, 667, subd. (b)-(i)) and had served three prior prison terms (§ 667.5, subd. (b)). Defendant pleaded no contest to the escape charge.

The trial court reiterated the sentence of four years previously imposed in case No. MF038020A and noted the fines and fees were also already imposed in that case. In case No. MF038224A, in accordance with the plea, the trial court sentenced defendant to the low term of 16 months consecutive with the term in case No. MF038020A. The trial

---

[2] No abstract of judgment was prepared for this hearing.

[3] Undesignated statutory references are to the Penal Code.

2

court ordered defendant to pay "a $300 restitution fine, a $300 parole or PRCS fine, 70 in revenue and security." The minute order reflects the restitution fine under section 1202.4 and a $30 surcharge, and that defendant is ordered to pay a "30/40 fine/fee pursuant to CSF/CCA." The abstract of judgment reflects the imposition of the restitution fines in each case, an $80 court operations assessment (§ 1465.8), and a $60 conviction assessment (Gov. Code, § 70373). The abstract also reflects a "$38 law enforcement fee," a "$4 medical air transport fee" in case No. MF038020A, and a $30 surcharge in case No. MF038224A. No statutory basis is provided for any of these fees.

Defense counsel sought clarification of the abstract from the trial court, and delineation of the statutory bases of the fines, specifically relative to the $38 law enforcement fee in case No. MF038020A and the $30 surcharge in case No. MF038224A. The trial court branch supervisor responded that the law enforcement fine was ordered pursuant to section 1202.5, "as outlined in our Mandatory Restitution, Fines, and Fees Assessment."[4]

DISCUSSION

Defendant contends, and the People concede, the matter must be remanded to the trial court to set forth the amounts and statutory authority for all fines, fees, penalties, and assessments imposed.

As discussed above, the trial court imposed a "112 in revenue, security, and assessments" in case No. MF038020A. The sentencing transcript, minute order, and abstract of judgment do not indicate the statutory bases for these fines. The minute order and abstract of judgment indicates the $112 in case No. MF038020A consists of a $40 court operations assessment, a $30 conviction assessment, a $38 law enforcement fine,

---

[4] This document is not included in the record on appeal, or referenced in the reporter's transcript or clerk's transcript.

and a $4 medical air transport penalty.[5]  Moreover, the trial court could not have imposed a $38 law enforcement fee under section 1202.5, as defendant was not convicted of a qualifying offense under that statute,[6] and thus to do so would have been an unauthorized sentence.  (*People v. Chambers* (1998) 65 Cal.App.4th 819, 823.)  In addition, in case No. MF038224A the trial court ordered "70 in revenue and security."  The minute order and abstract also included a $30 surcharge.[7]

The abstract of judgment must include a detailed recitation of all the fees, fines, assessments, and penalties.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)  It is acceptable for the trial court to use a shorthand references when imposing these fees, fines, assessments, penalties, but the abstract of judgment must specifically delineate the

---

[5]  Presumably the fine was based on Government Code section 76000.10.

[6]  In pertinent part, section 1202.5 provides:  "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."  Defendant was not convicted of any of these offenses.  Accordingly, it would have been an unauthorized sentence to impose a fine under section 1202.5.  It appears the $38 amount came from adding the additional penalties and surcharges attendant to a section 1202.5 fine as delineated in *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528-1530, (1) a $10 penalty assessment pursuant to Penal Code section 1464, subdivision (a)(1); (2) a $7 penalty assessment pursuant to Government Code section 76000, subdivision (a)(1); (3) a $2 penalty assessment pursuant to Government Code section 76000.5, subdivision (a)(1); (4) a $2 state surcharge pursuant to Penal Code section 1465.7, subdivision (a); (5) a state court construction penalty of $5 pursuant to Government Code section 70372, subdivision (a)(1); (6) a $1 DNA penalty pursuant to Government Code section 76104.6, subdivision (a)(1); and (7) a $1 DNA state-only penalty pursuant to Government Code section 76104.7, subdivision (a).  We note, even the $38 amount is currently incorrect, as Government Code section 76104.7, subdivision (a) has been amended since *Castellanos* and the amount is now a $4 penalty.

[7]  Presumably, this surcharge is based on section 1202.4, subdivision (*l*), which provides the board of supervisors may impose a 10 percent administrative fee to cover collection costs to be added to the restitution fine.

amounts and statutory bases.  (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)  We must remand the matter to the trial court to amend the abstract of judgment to reflect the amounts and statutory bases for all fees, fines, penalties, and assessments imposed. Furthermore, we order the $38 law enforcement fee stricken as an unauthorized sentence.

## DISPOSITION

Defendant's convictions are affirmed.  The trial court is directed to strike the $38 law enforcement fee and to prepare an amended abstract of judgment reflecting the statutory basis for the fines, fees, penalties, and assessments imposed, and to send a certified copy thereof to the Department of Corrections and Rehabilitation.


            /s/
            Blease, J.


We concur:



    /s/
    Raye, P. J.



    /s/
    Duarte, J.


5