Filed 5/18/16  P. v. Bernard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK BERNARD,<br><br>    Defendant and Appellant. | H041733, H042169<br>(Santa Clara County<br>Super. Ct. No. C1479278) |

Defendant Mark Bernard was placed on probation with imposition of sentence suspended after he pleaded nolo contendere to several joined cases, one of which included charges of bringing a controlled substance or paraphernalia into a prison or jail (Pen. Code, § 4573)[1] and a misdemeanor for resisting, delaying, or obstructing a police officer (§ 148, subd. (a)(1)).  Later, defendant was arrested on new criminal charges and his probation was subsequently revoked.  On appeal, he argues that the trial court erred when it imposed an "additional restitution fine in the sum of [$]330" when he was sentenced to prison.  Defendant argues that this additional restitution fine is duplicative, because the original restitution fine imposed when he was first placed on probation with imposition of sentence suspended survived the revocation of probation.  For the reasons set forth below, we agree and find the court erred when it imposed a second restitution fine.  We modify the judgment and affirm.

---

[1] Unspecified statutory references are to the Penal Code.

BACKGROUND

Defendant pleaded nolo contendere to charges in several cases that were joined together. In one of the joined cases, case No. C1479278, defendant pleaded nolo contendere to bringing a controlled substance or paraphernalia into a prison or jail (§ 4573) and a misdemeanor for resisting, delaying, or obstructing a police officer (§ 148, subd. (a)(1)). The trial court sentenced defendant to six months in county jail, suspended imposition of the sentence, and placed him on three years' probation. The court also imposed a restitution fine of $300 under section 1202.4, subdivision (b), a $30 administrative fee, and imposed and suspended an additional probation revocation restitution fine of $300 under section 1202.44.

On August 2, 2014, defendant was arrested on misdemeanor drug charges in an unrelated case. Defendant admitted he violated his probation due to this new arrest, and his probation was revoked. During the sentencing hearing on November 6, 2014, the trial court stated that it was imposing an "additional restitution fine in the sum of [$]330." The abstract of judgment reflects that he was ordered to pay a $330 restitution fine under section 1202.4, subdivision (b). It does not reflect that any restitution fine under section 1202.44 is now due, probation having been revoked. Defendant was sentenced to the lower term of two years and was given 377 days of credit, composed of 189 days of actual custody credit and 188 days of conduct credit. Defendant appealed (case No. H041733).

On December 15, 2014, defendant filed a petition for resentencing under Proposition 47 (§ 1170.18, subds. (a)-(f)), requesting that his conviction under section 4573 be reduced from a felony to a misdemeanor. The trial court denied the petition, noting that section 4573 was not an offense that was affected by Proposition 47.[2]

_____

[2] On November 4, 2014, voters approved Proposition 47, which made certain drug and theft offenses misdemeanors instead of felonies. (Prop. 47, as approved by voters, (continued)

On January 5, 2015, defendant requested a certificate of probable cause, which was denied. The following month, defendant appealed (case No. H042169) from the trial court's denial of his petition for resentencing.[3]

## DISCUSSION

On appeal, the sole issue raised by defendant is whether the trial court erroneously imposed a second restitution fine under section 1202.4 when he was sentenced in 2014 following the revocation of his probation. Defendant argues that the record reflects the trial court imposed an "additional" restitution fine under section 1202.4.

We agree with defendant that imposition of a second restitution fine under section 1202.4 would be improper. Section 1202.4 provides that a restitution fine must be imposed whenever a person is convicted of a crime. (§ 1202.4, subd. (b).) Additionally, "[i]n every case in which the defendant is granted probation, the court shall make the payment of restitution fines and orders imposed pursuant to this section a condition of probation." (*Id.*, subd. (m).) The "triggering event for imposition of the restitution fine is . . . [a] conviction." (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822 (*Chambers*).)

Therefore, imposition of two separate restitution fines—one when the defendant is placed on probation and another when probation is subsequently revoked and the defendant is sentenced to prison—is erroneous. (*Chambers*, *supra*, 65 Cal.App.4th at p. 823.) Imposition of a duplicate fine constitutes an unauthorized sentence that can be corrected on appeal even if a defendant fails to object below. (*Ibid.*)

Gen. Elec. (Nov. 4, 2014).) Although section 4573 was a drug-related offense, it was not included in the reforms made by Proposition 47.

[3] On May 18, 2015, we granted defendant's request to have case Nos. H041733 and H042169 considered together for briefing, oral argument, and disposition. Although defendant appealed from the denial of his Proposition 47 petition for resentencing in case No. H042169, he raises no arguments pertaining to his petition on appeal.

3

The People acknowledge that imposition of a duplicate restitution fine under section 1202.4, subdivision (b) is unauthorized. The People, however, argue that no modification is necessary, because the abstract of judgment reflects that the court did not impose a second restitution fine. Rather, the People argue that the record indicates that the trial court merely lifted the stay on the previously suspended probation revocation restitution fine that was imposed under section 1202.44. We disagree with this interpretation of the record.

During the sentencing hearing, the court stated that it was imposing an "additional" restitution fine of $330. The minute order after the hearing indicates that the judge imposed a $330 restitution fine and has a notation that states: "prev susp now imposed per judge." The People would have us infer that the $330 fine was therefore not a restitution fine imposed under section 1202.4, subdivision (b), but the probation revocation restitution fine under section 1202.44 that was imposed and suspended when defendant was initially placed on probation. However, the minute order is not signed by the judge, and the minute order's declaration that the $330 restitution fine was the restitution fine that was previously suspended is contrary to the court's oral imposition of an "additional" $330 restitution fine. Furthermore, during the sentencing hearing the court did not mention that it was lifting the stay on the probation revocation restitution fine imposed when defendant was placed on probation. Additionally, when defendant was placed on probation a $300, *not* a $330, probation revocation restitution fund fine was imposed and suspended.[4] We find the trial court's oral pronouncement during the

---

[4] When defendant was placed on probation, he was ordered to pay a $300 restitution fine under section 1202.4 and a $30 administrative fee (presumably under § 1202.4, subd. (*l*)). An additional $300 probation revocation restitution fine under section 1202.44 was imposed and suspended. We note that in their respondent's brief, the People argue that although the suspended probation revocation restitution fine under section 1202.44 was for $300, the sentencing minute order and abstract of judgment (continued)

4

sentencing hearing should be given more credence than the minute order. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586 ["When an irreconcilable conflict exists between the transcripts of the court reporter and the court clerk, the modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances."].)

We also note that the abstract of judgment does not indicate that the $330 fine imposed during the sentencing hearing was the probation revocation restitution fine under section 1202.44 that was previously suspended. The abstract of judgment indicates a $330 restitution fine *under section 1202.4* was imposed.

Accordingly, we agree with defendant that the record reflects that the court erroneously imposed a duplicate restitution fine under section 1202.4, subdivision (b). We therefore modify the judgment to strike the duplicate fine, because the original fine remains in force. The minute order of the sentencing hearing dated November 6, 2014, should also be modified to clarify that a $300 (not $330) restitution fine under section 1202.4 from when defendant was placed on probation remains in effect, and a $300 probation revocation restitution fine under section 1202.44 is now payable.

We note that our review of the sentencing minute order and the abstract of judgment indicate that the $300 probation revocation fine (§ 1202.44) that was originally imposed but suspended when defendant was placed on probation is not reflected. Since defendant's probation was revoked, the probation revocation fine is now due and payable.

reflect a "new" probation revocation restitution fine in the amount of $330 because it includes a 10 percent administrative fee. We find this characterization inaccurate. The 10 percent administrative fee imposed on defendant's original restitution fine under section 1202.4, subdivision (b) is authorized by section 1202.4, subdivision (*l*). This administrative fee is inapplicable to probation revocation restitution fines imposed under section 1202.44. Therefore, the probation revocation restitution fine, imposed in the amount of $300, cannot be increased to a "new" fee of $330 based on the administrative fee described in section 1202.4, subdivision (*l*).

5

(*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.) To provide clarity, we modify the minute order and the abstract of judgment to reflect that the $300 probation revocation fine imposed when defendant was placed on probation is now due.

### DISPOSITION

In case No. H041733: The minute order of the sentencing hearing dated November 6, 2014, is modified by striking the duplicate $330 restitution fine imposed under Penal Code section 1202.4, and it should be clarified that the original $300 restitution fine imposed when defendant was placed on probation remains in effect. The minute order dated November 6, 2014, is further modified to reflect that the stay on the $300 probation revocation restitution fine imposed under Penal Code section 1202.44 is now lifted. The trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

In case No. H042169: The order denying defendant's petition for resentencing is affirmed.

6

_____
                                        Premo, J.

WE CONCUR:


_____
        Rushing, P.J.


_____
        Márquez, J.


People v. Bernard
H041733, H042169