Filed 9/13/23  P. v. Ross CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EMILY RAYANN ROSS,<br><br>Defendant and Appellant. | C097897<br><br>(Super. Ct. No. 21CR-001821) |

Defendant Emily Rayann Ross pled guilty to assault with a deadly weapon.  After twice violating her probation, the trial court sentenced defendant to the low term of two years in state prison.  On appeal, defendant contends the trial court erred in imposing two probation revocation fines and miscalculated her conduct credits.  The People concede the errors.  We will modify the judgment accordingly.

1

BACKGROUND

In August 2021, defendant pled guilty to assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1] The trial court suspended imposition of sentence, placed defendant on two years' probation, and ordered her to serve 165 days in county jail. The court imposed a $600 restitution fine (§ 1202.4, subd. (b)) and a $600 probation revocation fine (§ 1202.44), stayed pending successful completion of probation.

In May 2022, the probation department petitioned the court to revoke defendant's probation. Defendant admitted violating her probation. Following her admission, the trial court reinstated defendant's probation and ordered her to serve 120 days in county jail. The court ordered defendant to pay the fines and fees listed in the probation department's report, including the previously stayed probation revocation fine.[2] The court imposed a second probation revocation fine, stayed pending successful completion of probation.

In September 2022, the probation department again petitioned the trial court to revoke defendant's probation. Defendant again admitted violating her probation. Following her admission, the trial court terminated defendant's probation and sentenced her to two years in state prison. At sentencing, the court awarded defendant 450 days of custody credit (226 actual and 224 conduct). The court also ordered defendant to pay the fines and fees listed in the supplemental probation report, including the two previously stayed probation revocation fines, now listed as $600 each and totaling $1,200, and a

---

[1] Undesignated statutory references are to the Penal Code.

[2] The probation department erroneously lists that previously stayed restitution fine, which was $600, as a $900 fine.

2

$600 parole revocation fine under section 1202.45, stayed pending successful completion of parole.[3]

## DISCUSSION

Defendant contends the trial court incorrectly awarded her only 224 days of presentence conduct credit when she served 226 days in custody prior to sentencing. The People agree defendant served 226 days in custody before she was sentenced. They also agree she is entitled to conduct credits based on the total number of days spent in custody, even though those days were not served continuously, for a total of 226 days of custody credit. (See *People v. Culp* (2002) 100 Cal.App.4th 1278, 1284.) The People thus concede the trial court erred in awarding defendant only 224 days of conduct credit. Having reviewed the law and the record, we accept the People's concession.

Defendant contends, and the People concede, the trial court erred when it ordered defendant to pay an additional and unauthorized probation revocation fine upon reinstating her probation in May 2022. We accept the People's concession and modify the judgment accordingly.

Section 1202.44 provides that "[i]n every case in which a person is convicted of a crime and . . . a sentence that includes a period of probation is imposed, the court shall, *at the time of imposing the restitution fine* . . . , assess an additional probation revocation restitution fine in the same amount . . . . This additional probation revocation restitution fine shall become effective upon the revocation of probation . . . ." (Italics added.)

Here, the trial court did just that when it initially placed defendant on probation: it ordered defendant to pay a restitution fine of $600 and stayed a section 1202.44 probation revocation fine in the same amount. The trial court had no statutory authority to impose a second restitution fine on defendant when it revoked and reinstated her probation in May

---

[3] The probation department report incorrectly identifies the parole revocation fine as one imposed under section 1202.44.

2022.  (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 822 ["Restitution fines are required in all cases in which a conviction is obtained.  Furthermore, there is no provision for imposing a restitution fine after revocation of probation"]; accord, *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)  Accordingly, we will strike the second $600 probation revocation fine.

## DISPOSITION

The judgment is modified to award defendant two additional days of presentence conduct credit and to strike the second probation revocation fine (§ 1202.44), reducing the total probation revocation fine from $1,200 to $600.  We direct the clerk of the trial court to prepare an amended abstract of judgment reflecting defendant's total presentence custody credit to be 452 days (226 days of actual credit and 226 days of conduct credit) and to pay a single probation revocation fine of $600.  We further direct the clerk of the trial court to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.


                                                  /s/
                                       EARL, P. J.


We concur:


    /s/
HULL, J.


    /s/
ROBIE, J.