[No. C057127. Third Dist. Oct. 8, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES ANTHONY GUIFFRE, Defendant and Appellant.

## Counsel

Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, John G. McLean and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BUTZ, J.**—Defendant Charles Anthony Guiffre pleaded no contest to single counts of passing a forged check (Pen. Code, § 470, subd. (d))[1] in two separate cases. He also admitted an on-bail or own recognizance (O/R) enhancement. (§ 12022.1.) On June 7, 2007 (all further calendar references are to that year), the trial court suspended sentence and placed defendant on 60 months of formal probation. At the time of granting probation, the trial court imposed a $200 restitution fine pursuant to section 1202.4, subdivision (b) (section 1202.4(b)) and *stayed* a $200 probation revocation restitution fine pursuant to section 1202.44.

Defendant's probation was revoked after he was found to have violated its terms and conditions. On September 27, the trial court sentenced him to an

---

[1] Undesignated statutory references are to the Penal Code.

aggregate state prison term of four years eight months on the two forgery counts and O/R enhancement. Both the court minutes and the reporter's transcript of September 27 recite that the court again fined defendant $200 pursuant to section 1202.4(b). The court also imposed a $200 restitution fine pursuant to section 1202.45 and stayed the fine pending defendant's successful completion of parole. No mention was made of the previously stayed probation revocation restitution fine pursuant to section 1202.44.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court violated *People v. Chambers* (1998) 65 Cal.App.4th 819, 822 [76 Cal.Rptr.2d 732] (*Chambers*) by imposing a second restitution fine under section 1202.4(b). In *Chambers*, the defendant entered a no contest plea to first degree burglary. The trial court granted probation and, as a condition of probation, imposed a $200 section 1202.4(b) restitution fine. The trial court later revoked probation and sentenced the defendant to state prison, while imposing a $500 restitution fine pursuant to the same section. (*Chambers, supra,* 65 Cal.App.4th at p. 821.) We determined that the $500 restitution fine was unauthorized, declaring that there was "no statutory authority justifying the second restitution fine because . . . the first restitution fine remained in force despite the revocation of probation." (*Id.* at p. 823.)

The Attorney General contends that *Chambers* was not violated because the second fine was, in fact, an imposition of the section 1202.44 fine, which had been stayed when probation was granted. This argument is lent some plausibility by the fact that both statutory fines were in the sum of $200. However, defendant's argument cannot be dismissed so easily, because the trial court made no mention of section 1202.44 when it pronounced sentence in September 2007.

■    Resolution of this appeal turns on an important distinction between the two types of fines. The fine imposed under section 1202.4(b) is a garden-variety restitution fine, payable to the state.[2] "Restitution fines are

---

[2] As pertinent here, subdivision (b)(1) of section 1202.4 provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor."

Section 1202.4, subdivision (e) provides that the fine shall be deposited in the Restitution Fund in the State Treasury.

required in all cases in which a conviction is obtained." (*Chambers, supra*, 65 Cal.App.4th at p. 822.) The fine imposed under section 1202.44, however, is a *probation revocation* restitution fine, which was intended to mirror the parole revocation restitution fine currently provided for in section 1202.45. (*People v. Taylor* (2007) 157 Cal.App.4th 433, 439 [68 Cal.Rptr.3d 682].)

Section 1202.44, which was enacted after *Chambers* was decided (Stats. 2004, ch. 223, § 3, eff. Aug. 16, 2004), calls for the imposition of a probation revocation restitution fine at the same time a section 1202.4(b) restitution fine is imposed. Confusingly, section 1202.44 also requires that the revocation fine be in the same *amount* as the section 1202.4(b) fine.[3]

Thus, a convicted defendant who is granted probation will ordinarily be subject to two restitution fines—a state Restitution Fund fine under section 1202.4(b) and a probation revocation restitution fine under section 1202.44, which is *stayed unless probation is revoked.*

That is exactly what the minutes reflect in this case. When it granted probation on June 7, the trial court dutifully checked the boxes and filled in amount lines, imposing a section 1202.4(b) fine in the amount of $200 and a $200 *stayed* probation revocation restitution fine pursuant to section 1202.44.

However, when the court sent defendant to state prison on September 27, both the oral pronouncement of sentence and the court minutes show that defendant was apparently fined again under section 1202.4(b). Under *Chambers*, the trial court did not have the authority to impose a second section 1202.4(b) fine, because the original fine survived the revocation of probation. (*Chambers, supra*, 65 Cal.App.4th at p. 822.) However, imposition of the *probation revocation* restitution fine under section 1202.44 was not only authorized, it was mandatory, since probation had been revoked.

The trial court either (1) intended to impose the section 1202.44 fine, but mistakenly referred to it as a section 1202.4(b) fine, or (2) erroneously

---

[3] Section 1202.44 provides in relevant part: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record."

imposed a second section 1202.4(b) fine, when it should have instead lifted the stay on the section 1202.44 fine. In either case, this court has the inherent power to correct the judgment to reflect what the law requires. (§ 1260; *People v. Smith* (2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942]; *In re Sandel* (1966) 64 Cal.2d 412, 417–418 [50 Cal.Rptr. 462, 412 P.2d 806].)

Unlike the court minutes, the abstract of judgment submitted to the Department of Corrections and Rehabilitation does not reflect the imposition of two section 1202.4(b) fines. Item 9.a. pertaining to "FINANCIAL OBLI-GATIONS" correctly shows only one $200 restitution fine, payable forthwith. Item 9.a. also shows the $200 section 1202.45 parole revocation restitution fine. Below that entry, there is a second entry that should have been filled out in this case to read: "$ [200] per P[enal] C[ode section] 1202.44 *is now due, probation having been revoked.*" (Italics added.)

Unlike the abstract of judgment form, the trial court's "SENTENCING-PRISON" form does not have an entry line for lifting the stay on the probation revocation restitution fine. Thus, when the court pronounced sentence, it had no reason to reflect on the disposition of the section 1202.44 revocation fine that it had imposed, but stayed, when it placed defendant on probation.

■ To avoid confusion and unnecessary appellate litigation, trial courts using prison sentence disposition forms that do not conform to the abstract of judgment forms promulgated by the Judicial Council are advised to modify them by adding an entry for payment of the section 1202.44 fine, so that defendants who are sent to prison following revocation of probation will be ordered to pay the proper fines under the correct code sections.

## DISPOSITION

The trial court minutes of September 27 are corrected to reflect that the $200 fine imposed on defendant was a probation revocation restitution fine pursuant to section 1202.44 rather than a state restitution fine under section 1202.4(b). Item 9.a. of the abstract of judgment is modified to reflect that defendant's $200 probation revocation restitution fine under section 1202.44 is now due and payable.

The trial court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. So modified, the judgment is affirmed.

Sims, Acting P. J., and Hull, J., concurred.