Filed 6/12/13  P. v. McLain CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C069277 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 07NCR04820, 07SCR03940) |
| v. | |
| BRYAN PAUL McLAIN, | |
| Defendant and Appellant. | |

Following his guilty pleas in these two cases, defendant Bryan Paul McLain was granted five years of probation.  At that time, the trial court imposed in each case a $200 restitution fund fine (Pen. Code, § 1202.4, subd. (b)),[1] and a stayed $200 probation revocation fine (§ 1202.44).  Later, upon probation being revoked, the trial court imposed an $800 restitution fine in case No. 07NCR04820.  Defendant appeals the imposition of this second restitution fine as an unauthorized sentence.  We agree with defendant and shall amend the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

The substantive facts underlying defendant's convictions are not relevant to the issue raised on appeal and therefore we do not recount them.

In 2007, defendant pleaded guilty in case No. 07NCR04820 to inflicting corporal injury against a spouse or cohabitant. Defendant absconded before he could be sentenced. Defendant was charged in case No. 07SCR03940 with willful failure to appear for his sentencing in case No. 07NCR04820, and he pleaded guilty. Later, in a single sentencing proceeding, defendant was granted five years of formal probation and in each case, the court ordered him to pay a $200 restitution fine pursuant to section 1202.4, subdivision (b) and a $200 stayed probation revocation fine pursuant to section 1202.44.

After defendant violated his probation three times, it was revoked. The trial court sentenced defendant to state prison for the upper term of four years in case No. 07NCR04820, and in case No. 07SCR03940, to an additional and consecutive term of eight months. As relevant to this appeal, the trial court also imposed at sentencing a restitution fine of $800 in case No. 07NCR04820 (§ 1202.4, subd. (b)), and a corresponding $800 stayed parole revocation fine (§ 1202.45). In case No. 07SCR03940, the court imposed restitution and parole revocation fines of $200.

## DISCUSSION

Relying on *People v. Chambers* (1998) 65 Cal.App.4th 819, 820 (*Chambers*), defendant contends the trial court erred in imposing a second restitution fund fine in the amount of $800 in case No. 07NCR04820. The People agree, as do we. Because the $200 restitution fine the trial court initially imposed under section 1202.4 survived revocation of defendant's probation, the second $800 restitution fine imposed in case No. 07NCR04820 was unauthorized and must be stricken. (*Chambers, supra*, 65 Cal.App.4th at p. 820.) "[T]his court has the inherent power to correct the judgment

2

to reflect what the law requires.  (§ 1260; *People v. Smith* (2001) 24 Cal.4th 849, 854; *In re Sandel* (1966) 64 Cal.2d 412, 417-418.)"  (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 435.)

Here, the abstract of judgment should reflect the imposition in case No. 07NCR04820 of a $200 restitution fund fine (§ 1202.4, subd. (b)) and the mandatory parole revocation fine (§ 1202.45) in the same amount, stayed pending revocation of parole.

Probation having been revoked, the abstract should also reflect that the $200 probation revocation fine imposed in each case when probation was initially granted under section 1202.44 is now due.

### DISPOSITION

The trial court is ordered to amend the minutes of sentencing and abstract of judgment to reflect the imposition in case No. 07NCR04820 of a $200 restitution fund fine under section 1202.4, subdivision (b) and a $200 restitution fine under section 1202.45, stayed pending revocation of parole.  It shall also amend the minutes of sentencing and abstract of judgment to reflect that the $200 probation revocation fines under section 1202.44 previously imposed in case Nos. 07NCR04820 and  07SCR03940 are now due.  The trial court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  So modified, the judgment is affirmed.

                                                            BUTZ                    , J.

We concur:

            BLEASE                    , Acting P. J.


            NICHOLSON          , J.

3