Filed 11/18/14  P. v. Donahoe CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KEVIN DONAHOE, Defendant and Appellant. | D065063 (Super. Ct. No. SCN295799) |


APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, Kevin Donahoe entered a negotiated guilty plea to stalking in violation of a restraining order (Pen. Code,[1] § 646.9, subd. (b)).  The plea bargain contained the statement "All fines satisfied by custody."  The court suspended imposition of sentence and placed Donahoe on three years' probation.  The probation order required Donahoe to pay a total of $1,264:  $800 as a base fine, including surcharge and penalty assessment (§ 1465.7, subd. (a)); a $40 court operations assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); a $154 criminal justice administration fee (Gov. Code, § 29550.1); and a $240 restitution fine (§ 1202.4, subd. (b)).  The court suspended $240 probation revocation fine (§ 1202.44).  The court orally stated that the $800 fine was "concurrent with custody."  The written probation order stated "All fines . . . are to be paid . . . at the combined rate of $50.00 per month."

In 2013, the court revoked probation.  On October 11, the court sentenced Donahoe to the three-year middle prison term and ordered "[a]ll previous imposed fines will be reimposed."  The abstract of judgment and sentencing minutes list Donahoe's financial obligations as a $40 court operations assessment, a $30 criminal conviction assessment, a $154 criminal justice administration fee, a $240 restitution fine (to be paid "forthwith" from Donahoe's prison wages; § 2085.5, subd. (a)) and a suspended $240 parole revocation fine (§ 1202.45).  The reporter's transcript, abstract of judgment and the sentencing minutes do not refer to the probation revocation fine, the suspension of which

---

[1]     Further statutory references are to the Penal Code unless otherwise specified.

should have been lifted.  (§ 1202.44; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.)

Donahoe appeals.  He contends "[t]o the extent the court's [2012] oral pronouncement of sentence referred only to the $800 fine to be satisfied by custody, instead of 'all fines,' the court imposed an unauthorized sentence."  He argues that because his plea agreement contemplated that the $1,264 in fines would be satisfied by custody, at the rate of $30 per day, and because his presentence custody and his custody since October 11, 2013, "greatly exceed the 43 days required to satisfy the $1,264 fines imposed[,] [t]his court [should] therefore issue an opinion stating that all fines have been satisfied."  We affirm.

## DISCUSSION

By its terms, the plea bargain provided for the satisfaction of "fines" by custody, not for the satisfaction of "assessments" or "fees" by custody.  Thus, the plea bargain provided for the satisfaction by custody of, at most, the $800 base fine and the restitution fine.  The restitution fine was excluded from such satisfaction by Donahoe's acknowledgment on the change of plea form that he was required to pay a restitution fine of between $200 and $10,000.[2]  At the 2012 sentencing hearing, the court carried out the terms of the plea bargain by making the $800 base fine "concurrent with custody" and requiring the remaining "fines" be paid at the "rate of $50.00 per month."  At the 2013

_____

[2]     Additionally, at the 2012 change of plea hearing, Donahoe testified that he understood that if he violated the conditions of probation, he could be sent to prison and be required to pay a $10,000 fine.

3

sentencing hearing, the court did not mention the base fine, an implied statement that Donahoe's time in custody had satisfied that fine, and ordered the restitution fine be paid.

The above conclusion is borne out by section 2900.5, subdivision (a). When Donahoe was sentenced in 2013, that subdivision allowed "days of custody" to be applied toward the satisfaction of "any fine, on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. . . . In any case where the court has imposed both a . . . term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines."[3] This section does not apply to assessments which are not considered punitive, such as the $40 court operations assessment (§ 1465.8) and the $30 criminal conviction assessment, sometimes called a court facilities assessment (Gov. Code, § 70373). (*People v. Robinson* (2012) 209 Cal.App.4th 401, 403-404, 407.) The $154 criminal justice administration fee (Gov. Code, § 29550.1) is also not considered punitive. (See *People v. Rivera* (1998) 65 Cal.App.4th 705 [Gov. Code, § 29550.2].) Donahoe concedes in his reply brief that these two assessments and this fee "cannot be satisfied by application of . . . section 2900.5."

---

3    In 2013, section 2900.5, subdivision (a), was amended to delete the references to restitution fines. (Stats. 2013, ch. 59, § 07.)

4

Donahoe contends for the first time in his reply brief that the probation revocation fine is also governed by the "all fines satisfied by custody" term of the plea agreement. "It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.)

## DISPOSITION

The judgment is modified to reflect that the $240 probation revocation fine (§ 1202.44) is now due. The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

 

_____

NARES, J.

WE CONCUR:

_____

BENKE, Acting P. J.

_____

O'ROURKE, J.