Filed 12/9/20  P. v. Tophan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091006 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18F7096, 18F3877) |
| v. | |
| ROBERT DEAN TOPHAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Dean Tophan filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on his appeal from judgment entered following the revocation and reinstatement of his probation.  (*People v. Wende* (1979) 25 Cal.3d 436.) Our review of the record has disclosed certain fees that cannot be conditions of probation are erroneously listed as such in defendant's sentencing order.  Further, the court failed to stay defendant's probation revocation restitution fine.  We will modify the judgment to

1

correct these errors. Finding no additional errors that are favorable to defendant, we will affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded no contest to one count of maintaining a place for selling or using controlled substances (Health & Saf. Code, § 11366) in case No 18F3877 and one count of illegal possession of ammunition (Pen. Code, § 30305)[1] in case No. 18F7096. In exchange, the remaining count and an infraction were dismissed.

On February 19, 2019, the trial court sentenced defendant to three years' formal probation with 120 days in county jail as a condition thereof. He was awarded 38 days actual credit plus 38 days conduct credit for a total of 76 days custody credit. The court further ordered that defendant pay two $40 court operations fees totaling $80 (§ 1465.8), two $30 conviction fees totaling $60 (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation restitution fine (§ 1202.44), which the court stated would be "suspended once probation is revoked." The court also imposed $780 in fines and fees, which it failed to otherwise describe at the sentencing hearing, but which were delineated in the sentencing minute order. Finally, the court ordered defendant pay up to $75 per month for probation services, a $151 booking fee, and $250 for the presentence investigation report.

On August 19, 2019, the People filed a petition to revoke defendant's probation alleging defendant had violated the law by obstructing an officer. (§ 148, subd. (a)(1).) At the contested hearing on October 3, 2019, the People presented the testimony of Shasta County Probation Officer Kurtis Capella, who confirmed that one of defendant's conditions of probation was to obey all laws, and Redding Police Department Officer David Chapman, who testified that defendant lied to him about where he lived, causing

---

[1] Undesignated statutory references are to the Penal Code.

him to have to investigate defendant's true address before conducting a probation search. The court sustained the violation allegation and ordered probation to prepare a supplemental report.

On November 20, 2019, the court revoked and reinstated probation with the additional condition that defendant serve 45 days of adult work project for each case, for a total of 90 days. The court further awarded one additional day of custody credit. Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Our review of the record pursuant to *Wende* has disclosed that the unsigned sentencing order includes in the conditions of probation $80 in court operations fees (§ 1465.8) and $60 in conviction fees (Gov. Code, § 70373). These fees are not punishment and cannot be included as terms of probation; rather, they should have been separately ordered. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843 [Gov. Code, § 70373]; *People v. Soto* (2016) 245 Cal.App.4th 1219, 1237 [§ 1465.8].). We will direct correction of the sentencing order to reflect that the $80 in court operations fees and $60 in conviction fees are separately imposed and are not conditions of probation.

Further, the probation revocation restitution fine imposed should have been stayed *unless* probation was revoked, not "suspended once probation is revoked" as pronounced. (§ 1202.44 ["[t]his additional probation revocation restitution fine shall become effective upon the revocation of probation"]; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 ["a convicted defendant who is granted probation will ordinarily be subject to two

3

restitution fines—a state Restitution Fund fine under [Pen. Code] § 1202.4(b) and a probation revocation restitution fine under [Pen. Code] § 1202.44, which is *stayed unless probation is revoked*"].)  We shall modify the judgment accordingly to stay the fine.

## DISPOSITION

The judgment is modified to stay the $300 probation revocation restitution fine until probation is revoked.  As modified, the judgment is affirmed.

The trial court is directed to correct the sentencing order of February 19, 2019, to reflect that the fees imposed pursuant to section 1465.8 and Government Code section 70373 are not conditions of probation and provide a corrected copy thereof to the probation department.

/s/
Duarte, Acting P. J.

We concur:


/s/
Hoch, J.


/s/
Krause, J.