Filed 5/27/21  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C092565 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR-001380) |
| v. | |
| JOHN PETER GARCIA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Peter Garcia filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has found sentencing errors, which we will modify the judgment to correct.  Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with assault by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4); count I),[1] mayhem (§ 203; count II), battery with serious bodily injury (§ 243, subd. (d); count III), and misdemeanor battery (§ 242; count IV).  The prosecution also alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to the assault count.

Defendant pleaded guilty to the assault count and admitted the great bodily injury allegation for dismissal of the remaining counts.  The parties stipulated the factual basis for the plea was provided in Tehama County Sheriff's Department case No. 20-00994.  The trial court imposed a seven-year sentence in state prison, then suspended execution of the sentence and placed defendant on a five-year probation term.  The terms of defendant's probation included service of 180 days in county jail.  The court also ordered defendant to pay fines and assessments as set forth in the probation order, which included a $600 restitution fine (§ 1202.4, subd. (b)), a $600 probation revocation restitution fine (§ 1202.44), which was "to be stayed upon successful completion of probation," a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30

---

[1] Undesignated statutory references are to the Penal Code.

days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review has found errors in the imposition of fees and assessments. The probation order includes a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373). These fees are not punishment and cannot be included as terms of probation; rather, they should have been separately ordered. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843; *People v. Soto* (2016) 245 Cal.App.4th 1219, 1237.) We will modify the judgment to reflect that the $40 court operations assessment and $30 conviction assessment are separately imposed and are not conditions of probation.

Further, the probation revocation restitution fine should have been imposed, then stayed pending revocation of probation, rather than imposed and stayed only upon the successful completion of probation. (§ 1202.44 ["[t]his additional probation revocation restitution fine shall become effective upon the revocation of probation"]; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 ["a convicted defendant who is granted probation will ordinarily be subject to two restitution fines—a state Restitution Fund fine under section 1202.4 [subdivision] (b) and a probation revocation restitution fine under section 1202.44, which is *stayed unless probation is revoked*"].) We will modify the judgment accordingly.

Finally, we note that after defendant's plea was accepted, the prosecution moved to dismiss the outstanding counts, but the trial court did not actually grant the motion or dismiss the counts as contemplated by the parties' agreement.[2] We will modify the judgment to dismiss the counts. (§ 1260; see *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

---

[2] The minute order reflects the counts were dismissed, but the oral pronouncement does not.

We find no other arguable error that would result in a disposition more favorable to defendant and affirm the judgment as modified.

## DISPOSITION

The judgment is modified to:  (1) reflect that the $40 court operations assessment (§ 1465.8) and $30 conviction assessment (Gov. Code, § 70373) were separately imposed and are not conditions of probation; (2) stay the $600 probation revocation restitution fine (§ 1202.44) pending revocation of probation; and (3) dismiss counts II through IV of the charging document.  The trial court is directed to amend the probation order consistent with this opinion and provide a copy to the probation department.  As modified, the judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　HOCH, J.


We concur:



 /s/
MAURO, Acting P. J.



 /s/
KRAUSE, J.