Filed 8/3/22  P. v. Zurek CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095303 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE017185) |
| v. | |
| JACK ZUREK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jack Zurek has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record revealed the trial court failed to orally (1) impose the parole revocation fine and (2) lift the suspension on the probation revocation fine, and we will modify the judgment accordingly.  Finding

1

no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, defendant possessed, and was subsequently charged with, unlawful possession of methamphetamine for purpose of sale. (Health & Saf. Code, § 11378.) In October 2019, defendant pleaded no contest to the charge.

In November 2019, the trial court (1) imposed and suspended a two-year jail sentence and (2) placed defendant on five years of probation. The parties agreed defendant would have to participate successfully in reentry court for at least a year. And, if he ultimately had to be sent to the drug rehabilitation program at the jail, he would not get custody credit if he was later deleted from the reentry court. The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b))[1], a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70303), a $50 crime lab fee (suspended unless probation is revoked) (Health & Saf. Code, § 11372.5, subd. (a)), a $150 drug program fee (suspended unless probation is revoked) (Health & Saf. Code, § 11372.7), and a $260 penalty (suspended unless probation is revoked) (§§ 1464, 1465.7; Gov. Code, §§ 76000, 76104.6, 76104.7, 70372).

Probation was revoked and reinstated a number of times before defendant was eventually deleted from reentry court. Probation was first revoked in January 2020 and reinstated in February 2020. Probation was revoked again, and reinstated in October

---

[1] Undesignated statutory references are to the Penal Code.

2020.  Finally, defendant's probation was revoked in January 2021.  In February 2021, defendant admitted he violated probation.  At defendant's request, the trial court deleted him from reentry court.  Upon deletion from reentry court, the trial court terminated probation and lifted the suspension on the previously imposed two-year jail term.  The court awarded 124 days of custody credit.  Although the court did not orally address fines or fees during the hearing, the minute order reflects that the court (1) lifted the stay on the fines and fees that had been previously suspended unless probation was revoked (including the probation revocation fine) and (2) imposed a $300 parole revocation fine (suspended unless parole is revoked).  (§ 1202.45.)

In September 2021, the trial court denied defendant's request for additional custody credits.

In November 2021, defendant moved to modify his sentence and again asked for additional custody credits, based on completing a 90-day residential drug and alcohol program.  The trial court held a hearing in November 2021 and denied defendant's request.

Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Based on our review of the record, it appears the trial court failed to pronounce two mandatory fines.  Generally, only the oral pronouncement constitutes the judgment, and any divergence in the minutes or abstract of judgment is presumed to be clerical

3

error.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)  However, when a trial court fails to impose a statutorily mandated fine or fee, the sentence is unauthorized, and the appellate court may correct the error, even if the People failed to bring it to the trial court's attention.  (*People v. Smith* (2001) 24 Cal.4th 849, 852-853; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413.)

The trial court failed to impose a mandatory parole revocation fine of $300.  In every case where the trial court imposes a restitution fine, a parole revocation fine is mandatory and must match the restitution fine.  (§ 1202.45; *People v. Smith, supra*, 24 Cal.4th at p. 853.)  The trial court's failure to impose a parole revocation fine in an amount not matching the restitution fine constitutes an unauthorized sentence, which may be corrected for the first time on appeal.  (*Id.* at pp. 852-853; see also *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255-1256.)

The trial court also erroneously failed to lift the stay previously imposed on the probation revocation fine.  We will modify the judgment accordingly.  (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 432-435 [a trial court must lift the stay on a § 1202.44 fine when probation is revoked and a sentence is executed].)

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to (1) include a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45) and (2) lift the stay on the probation revocation fine. The trial court is directed to confirm that the abstract of judgment conforms to our opinion, and if not, to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


                                               /s/
                                               EARL, J.


We concur:


       /s/
HOCH, Acting P. J.


       /s/
KRAUSE, J.

5