Filed 2/28/25  P. v. Villarreal-Magana CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C100167 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR16833) |
| v. | |
| MANUEL ANTHONY VILLARREAL-MAGANA, | |
| Defendant and Appellant. | |

Defendant Manuel Anthony Villarreal-Magana appeals his assault conviction.  He contends the trial court abused its discretion in imposing the middle term when, pursuant to Penal Code section 1170, subdivision (b)(6), he was entitled to the lower term due to his youth.[1]  We will modify the judgment with respect to certain fines and otherwise affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

# I. BACKGROUND

In January 2022, defendant argued with the victim, who was six months pregnant with defendant's child. Although defendant denied that the argument had turned physical, the victim eventually told a responding officer that defendant had strangled her for about a minute, leaving her conscious but unable to breathe. A responding officer found a knife in defendant's pocket. Defendant was 22 years old at the time of the incident.

Defendant was charged with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and willfully inflicting corporal injury resulting in a traumatic condition upon someone with whom he had a dating relationship (§ 273.5, subd. (a)). It was further alleged defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12), based on a 2019 conviction for participation in a criminal street gang (former § 186.22, subd. (a)).

In May 2022, defendant pled guilty to the assault count in exchange for three years' probation and dismissal of the remaining allegations.

According to the probation report, defendant had used methamphetamine daily from the age of 15 years old through January 2022. He said he had a "decent childhood," and, while "most of his needs were met," his mother (who was a single parent) had struggled financially and was sometimes unable to provide food or clothing. He had not completed high school but planned to earn his GED in the future. Defendant's daughter was one month old at the time of the report.

Regarding defendant's criminal history, the report stated defendant had been convicted in April 2019 of participation in a criminal street gang (former § 186.22) and grand theft (§ 487, subd. (c)). Although defendant was initially granted three years' probation, probation was revoked in August 2020, and defendant was sentenced to prison for three years. There was no certified rap sheet attached, but according to an attached parole violation report from the Department of Corrections and Rehabilitation, Division

of Adult Parole Operations, defendant was placed on parole in January 2021. He had three parole violations prior to the crimes at issue here, including a November 2021 violation for a domestic abuse charge. And, he was on parole at the time of the instant crime. Defendant appeared to be "high risk to reoffend."

During a May 2022 hearing, the trial court expressed concern about placing defendant on probation given his criminal history and pattern of substance abuse. The matter was continued.

At the sentencing hearing the following month, the trial court again expressed concern over placing defendant on probation given that he was statutorily ineligible for probation under section 1203, subdivision (e)(4).[2] The prosecution argued probation was appropriate because defendant was young at the time of the crime, he had a newborn child, the victim was supportive of him, and he suffered from substance abuse and would benefit from probation. The court agreed and ordered three years' probation. The trial court imposed various fines and fees, including a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44).

In June 2022, the probation department filed a petition to revoke defendant's probation, alleging that he failed to report to the probation department as directed. A second petition, filed a week later, alleged defendant failed to abstain from possession of alcohol and using methamphetamine. In July 2022, defendant admitted both violations of probation.

Later that month, a third petition to revoke defendant's probation was filed, alleging defendant had unlawfully possessed a firearm (§ 29800, subd. (a)(1)) and

---

[2] Section 1203, subdivision (e)(4) generally prohibits a trial court from granting probation to persons with two or more prior felony convictions unless it finds the case to be unusual such that probation would be in the interests of justice.

3

ammunition (§ 30305, subd. (a)(1)).  Defendant admitted to the violation in February 2023 and was reinstated on probation.

In August 2023, the probation department filed a fourth petition to revoke defendant's probation, alleging defendant failed to report to the probation department.  A fifth petition was filed later that month, alleging defendant knowingly possessed methamphetamine.  In a subsequent hearing, the trial court found defendant had violated probation as alleged in the fourth and fifth petitions.

A supplemental probation report stated that, based on a check of the defendant's criminal record "through NCIC," defendant had been placed on two years' probation for a November 2022 conviction for being a felon in possession of ammunition (§ 30305, subd. (a)(1)).  The officer had further checked "through FBI, WANTS[, and] WARRANTS," but there was no additional information regarding defendant's criminal history since the first probation report.  Defendant had completed a six-month substance abuse program, but he consistently failed to report to the probation department as directed, along with multiple other probation violations.  The officer recommended revoking probation and sentencing defendant to three years (the middle term) in prison.

During the October 2023 sentencing hearing, the prosecution asked the trial court to impose the three-year middle term.  Defendant argued he should be returned to probation or sentenced to the low term given his young age at the time of the crime and because he had been "completing programs."  Defendant acknowledged he had multiple probation violations, but most of those had occurred before he completed a six-month substance abuse program.  According to defendant, the two most recent violations were minor.  For the methamphetamine possession, it was only a small amount (so small that the officers who found it were unable to weigh it on their scale), and he tested negative for methamphetamine the day the drugs were found.  Regarding his failure to report to the probation department, he was unable to do so because he did not have a car, and he had been in contact with the probation department via telephone.  Defendant was enrolled

4

in a domestic violence program, and he had been participating in additional services related to a juvenile dependency case.

The trial court said it had read the probation report and "note[d] that [defendant] [wa]s rather youthful." However, defendant had violated probation multiple times during his nearly 18 months on probation, making his performance on probation "marginal at best." In addition, he had originally been statutorily ineligible for probation pursuant to section 1203, subdivision (e)(4), and the probation officer had previously assessed defendant to be at a high risk to reoffend. As such, a prison sentence was "necessary and appropriate." The court revoked probation and sentenced defendant to prison for three years (the middle term), noting he was ineligible for jail given his prior strike. (§ 1170, subd. (h).)

The court further ordered a $900 restitution fine (§ 1202.4, subd. (b)) and a corresponding $900 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), both of which are listed on the abstract of judgment. The court did not address the previously imposed $300 probation revocation fine, and it is not noted on the abstract of judgment.

Defendant did not request a certificate of probable cause on appeal.

## II. DISCUSSION

*A.     Middle Term*

Defendant asks us to reverse his sentence and remand the matter, arguing the trial court erred in imposing the middle term. According to defendant, he was entitled to the lower term due to his youth under section 1170, subdivision (b)(6), especially since no aggravating factors had been properly proven pursuant to section 1170, subdivision (b). Defendant argues he never admitted his most recent probation violations, and no trier of fact had found them to be true beyond a reasonable doubt. In addition, defendant argues the trial court could not consider his prior strike because no certified record of conviction had been submitted, and because the definition of "criminal street gang" had recently

5

been narrowed by Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) such that it may no longer qualify as a prior serious felony (§ 667, subd. (a)) or a prior strike (§§ 667, subds. (b)-(i), 1170.12). (See generally *People v. Fletcher* (2023) 92 Cal.App.5th 1374, 1382, review granted Sept. 27, 2023, S281282 [concluding that recent amendments to § 186.22 did not require reversal of the true findings on the defendant's prior serious felony and prior strike enhancements].)

Defendant further argues the trial court erred by not making any specific finding that the factors in aggravation outweighed the presumption of the lower term. In the alternative, defendant argues the mitigating factors were not outweighed by the aggravating factors, especially since the probation report contained ample evidence defendant had suffered childhood trauma. We find defendant's contentions meritless.

We review a trial court's sentencing decisions for abuse of discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) Still, on appeal, a judgment of the trial court is presumed correct, and a party attacking the judgment must affirmatively demonstrate prejudicial error. (*People v. Garza* (2005) 35 Cal.4th 866, 881.)

California Rules of Court, rule 4.421[3] sets forth circumstances in aggravation that a court may consider in sentencing, including whether the defendant's prior performance on probation was unsatisfactory. (Rule 4.421(b)(5).) Section 1170 generally provides for midterm sentences and prohibits upper term sentencing unless the factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or

---

[3] Undesignated rule references are to the California Rules of Court.

relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3).)

Section 1170 also contains a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense, including if the defendant is younger than 26 years old (or was at the time of the crime) or suffered childhood trauma. (§ 1170, subd. (b)(6)(A) & (B); see also rules 4.423(b)(6) [circumstances in mitigation include when a defendant is under 26 years of age, or was under 26 years of age when the offense was committed], 4.423(b)(3) & (4) [circumstances in mitigation include when a defendant experienced childhood trauma that "was a factor in the commission of the crime," or the "commission of the current offense is connected to the defendant's prior victimization or childhood trauma"].) If the presumptive lower term factor contributed to an offense, the trial court may impose the middle term only if it finds that the aggravating circumstances as laid out in rule 4.421 outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).) When a court makes this determination, it is not required to make an express finding that imposing the lower term would be contrary to the interests of justice. (*People v. Caparrotta* (2024) 103 Cal.App.5th 874, 906, fn. 14.) A court may still impose the lower term even if none of the mitigating factors set forth in section 1170, subdivision (b)(6) are present. (§ 1170, subd. (b)(7).)

We find no merit in defendant's argument that the trial court erred in imposing the middle term because there were no aggravating factors properly before the court. It is true that not all of defendant's probation violations were either stipulated to by defendant, found true beyond a reasonable doubt by a trier of fact, or established by a certified record of conviction, as required under section 1170, subdivision (b)(2) and (3). However, unlike the aggravating factors needed to impose the upper term, the aggravating factors required to impose the middle term need not be established pursuant

to the heightened evidentiary requirements set forth in section 1170, subdivision (b)(2) and (3). (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 202-205.) Instead, they need only be established by a preponderance of the evidence by the trial judge. (*Ibid.*)

To the extent defendant argues the heightened evidentiary requirements for the upper term apply here because he had asked for the lower term based on his youth, we disagree. As courts have explained, the evidentiary requirements set forth in section 1170, subdivision (b)(2) and (3) relate "solely to the prerequisites for imposing the *upper term*" and therefore do not apply when a court is considering whether the lower term would be "contrary to the interests of justice" under section 1170, subdivision (b)(6). (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 928-929.)

As to defendant's argument that his prior conviction for participation in a criminal street gang may no longer qualify as a prior serious felony or a prior strike after recent amendments, we note that no such enhancement was imposed here. Moreover, although the trial court did mention that defendant was ineligible for jail due to his prior strike, it never cited defendant's prior strike as a reason for imposing the middle term. Accordingly, we find defendant's claims meritless.

We also disagree with defendant that remand is necessary because the trial court failed to specifically state that it found that the factors in aggravation outweighed the presumption of the lower term. The record indicates that the issue of whether defendant was entitled to the lower term under section 1170, subdivision (b)(6) was before the court, since defendant asked for the lower term based on his youth. The trial court signaled it had considered the issue when it "note[d] that [defendant] [wa]s rather youthful." However, the trial court reasoned, based on defendant's "marginal at best" performance on probation and his high risk to reoffend, it was appropriate to sentence defendant to the middle term. (See rule 4.421(b)(5) [poor performance on probation is an aggravating circumstance].) As such, although the trial court might not have explicitly said so, we infer that the trial court properly understood its discretion and found either:

8

(1) defendant's youth did not contribute to the current crime; or (2) the aggravating circumstances, including defendant's poor performance on probation, outweighed the mitigating circumstances, including defendant's youth, such that imposing the lower term would not be in the interests of justice. (*People v. Caparrotta, supra*, 103 Cal.App.5th at p. 906, fn. 14 [a trial court is not required to make express findings when concluding that the lower term is not in the interests of justice pursuant to § 1170, subd. (b)(6)]; see also *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"].)

Finally, despite defendant's claims, we conclude the trial court did not abuse its discretion when weighing the aggravating factors against the mitigating factors and imposing the middle term. The trial court heard defendant's argument that he was entitled to mitigation based on his youth. In addition, although defendant did not argue during the sentencing hearing that he was entitled to the lower term based on childhood trauma, the probation report (which the trial court had read) contained evidence that defendant was raised by a single mother and did not always have food or clothing as a child. Still, the trial court found the mitigating circumstances were outweighed by the aggravating circumstances, including that defendant had performed poorly on probation. It has long been held that a single aggravating factor is sufficient to justify a sentencing choice (see *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 413 [" 'a single factor in aggravation is sufficient to justify a sentencing choice' "]), and we find no abuse of discretion here.

Given our conclusions, we need not address defendant's argument that reversal is required because he suffered prejudice.

B.      *Restitution and Parole Fines*

Our review of the record indicates that, despite imposing a $300 restitution fine when it placed defendant on probation in June 2022, the trial court proceeded to impose a $900 restitution fine and a corresponding $900 parole revocation fine when it sentenced

9

defendant to prison in October 2023. It was error to increase the restitution fine, and we will reinstate the $300 restitution fine. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 [striking an additional restitution fine that had been imposed when the trial court revoked probation and sentenced defendant to prison because a restitution fine survives the revocation of probation, and a trial court therefore lacks authority to impose a second restitution fine]; see also *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 [an appellate court "can correct a legal error resulting in an unauthorized sentence . . . at any time"].)

Because the parole revocation fine must mirror the restitution fine (§ 1202.45, subd. (a) [requiring a trial court to impose a parole revocation fine in the same amount as the § 1202.4, subd. (b) fine]), we must also reduce the parole revocation fine to $300.

In addition, the trial court erroneously failed to lift the stay on the previously-imposed probation revocation fine, and we will modify the judgment accordingly. (*People v. Guiffre, supra*, 167 Cal.App.4th at p. 434 [a trial court must lift the stay on a probation revocation fine when probation is revoked].)

### III.  DISPOSITION

The judgment is modified to impose a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), and to lift the stay on the $300 probation revocation fine (§ 1202.44).  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

KRAUSE, J.