Filed 5/8/25  P. v. Herrick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LESLIE CARRIGAN HERRICK,<br><br>  Defendant and Appellant. | C101104<br><br>(Super. Ct. No. 15F6010) |

Defendant Leslie Carrigan Herrick pled guilty to child abuse.  The trial court initially suspended imposition of sentence and placed defendant on probation.  After violating probation multiple times, defendant stipulated in 2021 to imposition of an upper term sentence of six years with execution of the sentence suspended.  Defendant violated probation again in 2024, and the trial court revoked probation and executed the previously imposed six-year suspended sentence.  On appeal, defendant argues the matter must be remanded for resentencing following the amendment of Penal Code section 1170

1

by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567).[1] He further argues the trial court erred in imposing certain fines and fees. We will modify the fines and fees but otherwise affirm.

## I. BACKGROUND

Defendant was charged in 2015 with child abuse (§ 273a, subd. (a)—count 1), false imprisonment by violence (§ 236—count 2), and corporal injury to a child (§ 273d, subd. (a)—count 3). In March 2016, defendant pled guilty to count 1, and the remaining allegations were dismissed. In July 2016, per the plea agreement, the trial court suspended imposition of sentence, placed defendant on four years of probation, and ordered him to serve 60 days in jail. The trial court imposed various fines and fees, including a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44).

Defendant admitted violating probation in January 2017 and again in May 2017. Both times, the trial court revoked and reinstated probation.

In March 2021, defendant again admitted to violating probation. During the June 2021 sentencing hearing, defense counsel informed the trial court that the parties "had discussed a resolution of this matter," and defendant would be "sentenced to a six-year term in state prison, but the execution of that sentence [would] be suspended" because defendant would be given one more chance on probation. The court noted defendant would also have to "waive his credits down to zero," which would mean that defendant would serve the "full amount" of the six years. The court asked defendant if he agreed, and defendant responded yes. The court then sentenced defendant to the upper term of six years, suspended execution of the sentence, and reinstated probation. Defendant's probation conditions included enrolling in and completing a child abuse program.

---

[1] Undesignated statutory references are to the Penal Code.

In March 2024, defendant again admitted to violating probation by failing to sign up for or complete a child abuse program.  The trial court asked for a supplemental probation report.  The supplemental report recommended terminating probation and executing defendant's previously imposed six-year suspended sentence.

During the April 2024 sentencing hearing, the trial court stated it intended to execute the previously imposed six-year suspended sentence.  Noting that defendant had not stipulated to any aggravating circumstances, defense counsel objected to the upper term given recent changes to section 1170, subdivision (b).  Initially, the trial court said that, pursuant to a recent published case from this court (the trial court did not name the case), it was unable to reduce the sentence because defendant did not object when the court originally imposed sentence, suspended execution of it, and then placed defendant back on probation.  But, after consideration, the trial court acknowledged the case it was thinking of involved a different issue and therefore asked for additional argument.

Defense counsel again objected to the upper term and asked the court to impose the middle term.  She argued there were mitigating circumstances, including that defendant had been in a "very traumatic" motorcycle accident that had put him in a temporary coma, caused memory issues, and left him partially paralyzed.  Defendant was on a waiting list at a hospital for an operation to restore the nerve to the paralyzed area, and defendant risked permanent paralysis if he did not have the surgery soon.  Defendant further argued he had performed well on probation, other than the current violations.

The prosecution responded that defendant had only been placed back on probation in June 2021 because he had agreed to a six-year suspended sentence.  Therefore, defendant could not at this point argue the sentence was illegal under section 1170, subdivision (b).  Further, defendant had not performed well during his six years of probation.

The trial court revoked probation and ordered execution on the suspended six-year sentence.  The court also said it was "impos[ing]" the probation revocation fine, "which

3

was set at $1,800." The court also imposed an $1,800 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). The abstract of judgment lists an $1,800 restitution fine (§ 1202.4, subd. (b)) and an $1,800 parole revocation fine (suspended unless parole is revoked), and states that an $1,800 probation revocation fine (§ 1202.44) was now due. The minute order from the hearing similarly states that the court had previously imposed an $1,800 restitution fine and was now imposing an $1,800 parole revocation fine (suspended unless parole is revoked) and ordering defendant to pay the previously imposed $1,800 probation revocation fine.

Defendant did not seek a certificate of probable cause on appeal.

## II. DISCUSSION

*A.     Upper Term Sentence*

Despite agreeing to an upper term suspended sentence in June 2021, defendant now argues the trial court violated section 1170 as amended by Senate Bill 567 in imposing the upper term, because he had not stipulated to any aggravating factors, nor had a trier of fact found any true beyond a reasonable doubt. The People respond that, although Senate Bill 567's amendments to section 1170 apply to this case, defendant cannot benefit from them because the upper term was imposed as part of a stipulated sentence. We agree with the People.

As amended by Senate Bill 567, section 1170 generally provides for midterm sentences and prohibits upper term sentencing unless the circumstances in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3); see also Cal. Rules of Court, rule 4.421 [setting forth the circumstances in aggravation that a court may consider in sentencing, including factors relating to the crime and to defendant].) A trial court violates a defendant's Sixth Amendment right to a jury trial when it "relies on unproven aggravating facts to impose an upper term sentence,

4

even if some other aggravating facts relied on have been properly established." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.)

In general, Senate Bill 567's amendments apply retroactively to all nonfinal cases. (*People v. Lynch, supra*, 16 Cal.5th at p. 749.) As defendant properly notes, these amendments generally also apply when, as here, a defendant is timely appealing from a trial court's decision to revoke probation and order execution of a previously imposed but suspended sentence. (See *People v. Esquivel* (2021) 11 Cal.5th 671, 673.) However, the appellate courts have split as to whether these amendments apply retroactively to sentences imposed pursuant to stipulated plea agreements.

In *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314 (*Mitchell*), the appellate court stated that, in imposing a sentence as part of a stipulated plea agreement, the trial court "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Id.* at p. 1058.) Instead, "when presented with a stipulated plea agreement, a trial court may either accept or reject it." (*Ibid.*) Section 1170 contemplates imposition of sentence in the trial court's "sound discretion." (§ 1170, subd. (b)(1).) As the *Mitchell* court explained, this "language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place." (*Mitchell, supra*, at p. 1058.)

In contrast, in *People v. Todd* (2023) 88 Cal.App.5th 373, review granted, April 26, 2023, S279154, the appellate court disagreed with *Mitchell* and held that the evidentiary requirements of section 1170, subdivision (b) retroactively applied to a defendant who had stipulated to an upper term. (*Todd, supra*, at p. 381.) The court noted that, as amended, section 1170 "prohibits the imposition of the upper-term sentence absent specific findings." (*Todd, supra*, at p. 378.) Thus, imposing the upper term "exceeds the court's authority unless the statutory prerequisites are met or waived

because the aggravated term cannot be imposed absent the court's finding of those circumstances." (*Id.* at p. 379.) Concluding otherwise would incorrectly turn a stipulated sentence into "the very waiver of 'unknown future benefits of legislative enactments' that the Legislature has deemed void as against public policy because his entry of plea on those terms was not 'knowing and intelligent.' " (*Id.* at p. 380, citing § 1016.8, subd. (a)(4) ["A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"]; see also § 1016.8, subd. (a)(1) [entering into a plea agreement does not insulate the parties from "changes in the law that the Legislature has intended to apply to them"].)

Our Supreme Court will soon resolve this split of authority. In the meantime, we agree with *Mitchell*. Because defendant stipulated to the upper term, the trial court here had no opportunity to exercise its discretion when lifting the suspension on the previously imposed upper term sentence. As such, we find no error.

B.     *Fines and Fees*

Defendant further argues that, when the trial court revoked probation, it erred in (1) increasing the restitution fine and associated probation revocation fine from $300 to $1,800 and (2) imposing an $1,800 parole revocation fine. He asks us to correct the judgment, and we agree.

It was error to increase the restitution fine, and we will reinstate the $300 restitution fine as originally imposed in July 2016. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434 [striking an additional restitution fine that had been imposed when the trial court revoked probation and sentenced defendant to prison because a restitution fine survives the revocation of probation, and a trial court therefore lacks authority to impose a second restitution fine]; see also *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 [an appellate court "can correct a legal error resulting in an unauthorized sentence . . . at any time"].)

6

Because the probation revocation fine must mirror the restitution fine, the trial court erred when it purported to lift the stay on an $1,800 probation revocation fine rather than a $300 probation revocation fine. (§ 1202.44 [requiring a trial court to impose a probation revocation fine in the same amount as the § 1202.4, subd. (b) restitution fine]; see also *People v. Guiffre, supra*, 167 Cal.App.4th at p. 434 [a trial court must lift the stay on a probation revocation fine when probation is revoked].)

For similar reasons, we also reduce the parole revocation fine to $300. (§ 1202.45, subd. (a) [requiring a trial court to impose a parole revocation fine in the same amount as the § 1202.4, subd. (b) restitution fine].)

## III. DISPOSITION

The judgment is modified to impose a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), and to lift the stay on the $300 probation revocation fine (§ 1202.44). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

MAURO, J.

7